[Filed December 16, 1890.]

## RICHARD T. HUMPHREY *v.* THE CHILCAT CANNING CO.

CONTRACT — MEMORANDUM READ AT THE TIME — RES GESTÆ.— Where at the time parties enter into a parol contract, a memorandum is read containing the terms thereof which are assented to by the parties except in two particulars, such memorandum becomes a part of the transaction, and in an action on the contract the same is competent evidence as a part of the *res gestæ,* and may be considered by the jury for the purpose of assisting them to determine what the terms of the contract were.

Clatsop county: FRANK J. TAYLOR, Judge.

Defendant appeals.  Reversed.

The substance of the complaint is as follows:  The complaint alleged that on February 9, 1889, defendant employed plaintiff to work at its cannery in Alaska for eight months, and agreed to pay him $800 therefor, and his passage money between Astoria and Alaska going and returning, and to board and lodge plaintiff during said period; that pursuant to said agreement, plaintiff went to Alaska and worked for defendant until March 10, 1889, when defendant wrongfully and without any cause discharged plaintiff; also, alleges that plaintiff was at all times ready and willing and offered to perform his contract during said period; value of his board and lodging and cost of passage, and alleges an indebtedness thereby of $985 to his damage.

The defendant's answer denies employing plaintiff for any definite period of time, or for any definite sum, except $100 per month with board and lodging, and return passage if not discharged.

For a further and separate answer, plaintiff alleged that on or about the 23d day of January, 1889, this defendant offered to enter into a written contract with the said plaintiff at and for the sum of $100 per month for the period of eight months or for and during the canning season in Alaska, upon the following terms and conditions, to wit:

In consideration of free passage from Astoria to Chilcat, Alaska, and $100 per month, of thirty days, Sundays included, the said plaintiff agrees to go to Alaska with the

Chilcat Canning Co. and work at their salmon cannery in Alaska during the season of 1889, fishing and doing any other work required by this defendant, such as erecting the necessary cannery buildings, getting out the necessary wood for fuel, lightering freight to and from the steamer to the cannery; and, in fact, doing any and all kinds of work at any and all times whenever required by this defendant, and to act, if requested, as net tender when the fishing season began; the Chilcat Canning Company to pay said plaintiff's passage from Chilcat, Alaska, to Astoria, Oregon, at the end of the season, but reserving the right to discharge said Humphrey for any cause such as intoxication, neglect of duty, disobedience or refusal to work whenever called upon at any time; the Chilcat Canning Company not to pay his return fare if so discharged or if he quits on his own account, nor allow any wages for the time going up to Alaska on the steamer, but to pay only for the actual time worked in Alaska. Time to commence when steamer leaves Astoria, and end when said Humphrey is landed back to Astoria, at end of season; wages to be paid at end of season at the office of the Chilcat Canning Company in Astoria, Oregon.

The plaintiff agreed to all of the terms of said contract, except that he refused to bind himself or this defendant for any definite period of time for the service to continue, and on that account refused to sign the written contract, but offered to enter this defendant's service upon all the other terms as proposed aforesaid, reserving the right to either party to terminate the employment at any time at pleasure. The defendant thereupon accepted said plaintiff's offer and he thereupon entered into the employment of this defendant on or about February 9, 1889, under said contract as accepted as aforesaid, at which time said steamer left Astoria; that plaintiff arrived in Alaska and wrought for defendant for the time only of two weeks, when on March 10, 1889, the said plaintiff wrongfully violated his agreement to work, and failed and refused to work as requested by this defendant, in putting up the buildings to receive the freight from

the beach, then exposed to the weather, which work was then and there necessary to be done and performed.  During all of said time in Alaska, in defendant's employ, the said plaintiff was insubordinate in his conduct and was creating a like spirit in his fellow-workmen.  Thereupon this defendant dismissed the said plaintiff from its service on said 10th day of March, 1889.

Plaintiff's reply denied the new matter in defendant's answer, including said written offer of contract, except that he admits he refused to perform work on the 10th day of March, 1889, for the reason that said day was Sunday. Plaintiff recovered a verdict for the amount claimed, and defendant appeals.

*Sidney Dell*, for Appellant.

*C. W. Fulton*, for Respondent.

STRAHAN, C. J.—The principal exceptions relied upon were taken during the progress of the trial.  The record recites that the plaintiff gave evidence tending to support his cause of action and then rested

The defendant then introduced testimony tending to prove that one Murray was its general manager and engaged in hiring men to enter its service and go to Alaska and there engage in the business of canning salmon; that at the time said contract of hiring was closed, plaintiff and about twenty-five other persons wishing to enter the defendant's service were present; that at said time the contract containing the terms upon which the men were being employed by the defendant was read over in the plaintiff's presence and hearing, and that he then and there assented to all of its terms except that he would not be bound for any definite time, and his wages were to be $100 a month.

For the purpose of placing before the jury all of the terms and conditions of the contract which the defendant claimed the plaintiff entered into with it, the defendant's counsel then offered to read to the jury the said writing and to show that plaintiff assented to all of its terms except as above, but

the court excluded it, and an exception was taken. The writing is as follows: "This agreement, made and entered into this 23d day of January, 1889, by and between the Chilcat Canning Company of Astoria, Oregon, and the undersigned, witnesseth: That for the consideration of free passage from Astoria to Chilcat, Alaska, and $50, with board, per month of thirty days, Sundays included, we do hereby agree to go to Alaska with the Chilcat Canning Company and work at their salmon cannery in Alaska during the season of 1889, fishing and doing any other work required of us, such as erecting the necessary cannery buildings, getting out the necessary wood for fuel, lightering freight to and from the steamer to the cannery, and, in fact, doing any and all kinds of work at any and all times whenever required of us. The Chilcat Canning Company further agrees to pay to the undersigned one cent for every red salmon caught and delivered into their cannery, and also pay their passage from Chilcat, Alaska, to Astoria, Oregon, at end of season. The Chilcat Canning Company reserves the right to discharge any of the undersigned for any cause, such as intoxication, neglect of duty, disobedience, or refusal to work whenever called upon at any time. The Chilcat Canning Company will not pay the return fare of any one so discharged, or any one that quits of his own account, nor allow any wages for the time going up to Alaska on the steamer, but will only pay for the actual time worked in Alaska. Time to commence when steamer leaves Astoria and end when the undersigned are landed back to Astoria at end of season. Wages to be paid at end of season at the office of the Chilcat Canning Company in Astoria, Oregon.

"CHILCAT CANNING COMPANY,

"D. MORGAN, President,

"By W. A. SHERMAN, Secretary."

[Signatures of employes.]

The defendant's contention on this appeal is that this writing was read over to the plaintiff and in his presence and hearing at the time he was employed, and that he

orally assented to all of its terms, and that it thus became a part of the transaction itself—a part of what was said and done by the parties at the time of the hiring tending to prove what the contract was between the plaintiff and defendant, and that for this purpose it was competent.   It is not claimed that the contract between the plaintiff and defendant is a written contract.   On the contrary it exists entirely in parol; but what was said and done by the parties and what was read at the time the contract is alleged to have been entered into, were competent evidence to be considered by the jury for the purpose of enabling them to determine what the terms of such contract were.   Hill's Code, § 686, clearly and succinctly states the principle of law applicable in such case:   "Where, also, the declaration, act or omission forms part of the transaction which is itself the fact in dispute, or evidence of the fact, such declaration, act or omission is evidence as a part of that transaction."   This section is declaratory of the common law.   It is a legislative definition of *res gestæ*.

What is *res gestæ* and what not, are sometimes difficult to distinguish, but the difficulty in making the application does not in any manner impair the rule. Wharton's Ev. § 1102, says:   "It may, however, happen that statements of a party are so interwoven with a contract as to form a part of it, or are so wrought up in a transaction that they form a necessary incident of any narrative of such transaction.   In such case the party's declarations are admissible, as we have already seen, as a part of the *res gestæ*."   So it is said in Wood's Practice Evidence, § 150, that "whenever the acts or declarations of a party, made at the time of a transaction and so intimately connected therewith as to form a part of it which tend to explain the transaction or to aid in arriving at the real nature, character and purpose of the transaction, are admissible in evidence as well for as against the party making them."   *   *   *   So in *Bank* v. *Kennedy*, 17 Wall. 19, it was held that conversations occurring during the negotiation of a loan or other

transaction as well as the instruments given or received, being part of the *res gestæ*, are competent evidence to show the nature of the transaction, and the parties for whose benefit it was made when that is material.   *Lathrop* v. *Bramhall*, 64 N. Y. 365, was a case where a memorandum relating to the terms of a parol contract was made at the time by one of the parties negotiating the contract and read over to the others, and it was held that although not itself a valid contract it was competent as evidence to corroborate the oral evidence as to the terms of the contract.   In that case, MILLER, J., delivering the opinion of the court, said:  "It was not offered to refresh the memory of the witness and was not admissible in that point of view, and the rule applicable in such case cannot be invoked, nor was it competent alone as the contract of the parties, but it was evidence which corroborated the oral proof as it coincided with it as to the terms of the contract.   The two together showed what the contract was and there can be no valid objection where an oral contract is made to prove that its principal terms were written down and a memorandum made of them and read at the time. The one is not a substitute for the other, and both are properly admissible without violating any rule of law.   It is not a case where a valid contract is made in writing which entirely supersedes the oral contract, but one where an oral contract is entered into and a memorandum made at the time regarding its general features and characteristics." The effect of these authorities is not countervailed or broken by anything presented in behalf of the respondent, and the paper offered in evidence was clearly within the principle announced.   According to the defendant's contention, the paper in question, with the exceptions already noted, recited the terms of the contract which the defendant entered into with the plaintiff.   It became so, not because it was executed by certain of the parties, but because it was read over in his presence and hearing at the time of the hiring and assented to by the plaintiff.   This made it admissible as a part of the transaction and in the strictest sense *res gestæ*.   Of course in

what is here said it is not to be understood that we express any opinion as to the weight of any of the evidence. That is not the province of the court. All that we decide is that the memorandum offered was competent evidence to be submitted to the jury under the circumstances, and that its exclusion was error, for which the judgment must be reversed and a new trial awarded.