Argued June 4, decided July 28, modified on rehearing December 22, 1908, further rehearing denied March 23, 1909.

\* PATTY *v.* SALEM FLOURING MILLS CO.

[96 Pac. 1106; 98 Pac. 521: 100 Pac. 298.]

EVIDENCE—DECLARATIONS—CONDUCT OF PARTIES.

1. Section 718, subd. 3, B. & C. Comp., providing that evidence may be given of a declaration of another in the presence of a party, and of his conduct in relation thereto, recognizes the rule that, when a declaration is made in the presence of a party understanding the import therof and at liberty to reply thereto, a failure to deny an assertion adverse to his rights is tantamount to an admission of the truth of the declaration, but does not permit a party to show that the adverse party, in a prior action brought against him by a third person, called a witness who gave evidence against the rights of the adverse party, and that the adverse party did not contradict such witness.

SAME—EVIDENCE IN FORMER ACTION—PARTIES—IDENTITY.

2. Under Section 718, subd. 8, B. & C. Comp., providing that evidence may be given of the testimony of a witness deceased or out of the State, given in a

---

\* MR. COMMISSIONER SLATER, being one of the attorneys for respondent, took no part in this decision.

former action between the same parties relating to the same matter, evidence of the testimony of a witness unable to testify, given in a former action, is not admissible where the parties to the two actions are not the same, though the same issues are involved.

TRIAL — QUESTIONS OF LAW OR FACT—WEIGHT AND SUFFICIENCY OF EVIDENCE.

3. The degree of proof required of a plaintiff, who, in order to obtain a favorable judgment, must sustain the material issues involved, is generally classed as a probability, and, if, when he rests his case, the facts which were incumbent upon him to establish appear from the evidence as merely possible, the court, upon motion of the adverse party, should grant a judgment of nonsuit for failure to prove a material issue; but, when, however, after the plaintiff rests his case, it appears from his evidence that the facts devolving upon him to make manifest are quite probable, his·cause has passed the danger point of a nonsuit, and, together with the defendant's evidence, if offered, should be submitted to the jury for them to determine the credibility of the witnesses and the weight of the testimony, by comparing and considering the balancing probabilities.

TRIAL—NONSUIT—MOTIONS—ADMISSIONS.

4. A motion for nonsuit admits the truth of plaintiff's testimony, and every legitimate inference of fact which may be reasonably deducible therefrom.

SALES—ACTIONS FOR PRICE—QUESTIONS FOR JURY—EVIDENCE—NONSUIT.

5. On an issue as to whether the delivery of wheat to a warehouseman was a sale or bailment, plaintiff's evidence that it was a sale *held* sufficient to go to the jury as against a motion for a nonsuit.

TRIAL — DIRECTION OF VERDICT—NONSUIT—WAIVER OF JURY TRIAL— "MOTION FOR NONSUIT."

6. A motion for nonsuit at the close of plaintiff's case is tantamount to a demurrer to the evidence on the ground that it is insufficient to establish one or more of the material issues devolving upon the plaintiff to prove, and that the cause therefore should not be submitted to the jury, and where defendant offers no evidence after the denial of the motion, and the plaintiff moves for a directed verdict, the court may direct the verdict; there being some evidence to sustain plaintiff's case, as both parties have waived the right to a jury trial by submitting the case to the court.

APPEAL AND ERROR — REVIEW — DIRECTED VERDICTS — QUESTIONS CONSIDERED.

7. Where a motion for nonsuit at the close of plaintiff's case is denied, and exception taken, and defendant introduces no evidence, and plaintiff moves for a directed verdict, which is granted and exception taken, on appeal the denial of the nonsuit is only open for review, and will be sustained if there be any evidence to support the judgment.

TRIAL—DIRECTION OF VERDICT ON COURT'S MOTION.

8. The test of the correctness of a direction by the court of its own motion of a verdict for plaintiff on motion for nonsuit being denied, and failure of defendant to introduce evidence, is whether, if, in the absence of a special direction, any other verdict were found, it ought to be set aside.

TRIAL—MOTION FOR NONSUIT—WAIVER.  .

9. Defendant's motion for a nonsuit, when overruled, is not waived by his introducing evidence, unless he thus cures the defect in plaintiff's evidence.

TRIAL—MOTION FOR NONSUIT—WAIVER.

10. Defendant by requesting, after his motion for nonsuit is denied, that the cause be submitted to the jury, does not waive his motion.

JURY—RIGHT TO JURY TRIAL—WAIVER.

11.  Defendant by moving for nonsuit expressly waives, in the manner prescribed by Section 157, B. & C. Comp., his right to a jury trial.

APPEAL AND ERROR—DECISION—ADOPTING PRINCIPLES NOT SUGGESTED BY PARTIES.

12.  A legal principle, though not suggested by either party at the trial, should be adopted in order to finally dispose of a cause on appeal, if this impels the speedy enforcement of a right or redress of a wrong, and, as a correct exposition of the law, is appropriate to the facts involved.

JURY—WAIVER OF RIGHT TO JURY TRIAL—REVIVAL.

13.  When defendant waives his right to a jury trial by moving for a non-suit on the ground that plaintiff's evidence is insufficient to go to the jury, such express renunciation is binding on him till he changes his position by introducing evidence, after denial of his motion, or by requesting submission to the jury.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by Reuben Patty, as administrator of the estate of J. H. Patty, deceased, to recover the alleged value of wheat delivered to the defendant by the plaintiff's intestate and by Thomas David, respectively; the latter claim having been assigned to the plaintiff.

The material averments of the complaint, the contradiction thereof, the allegation of facts constituting separate defenses, and the denial of such new matter are substantially the same as set forth in the pleadings in the case of *Savage* v. *Salem Mills Co.*, 48 Or. 1 (85 Pac. 69), except in certain particulars that differentiate the causes.  The case at bar was tried, and the plaintiff secured a judgment, from which the defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Messrs. Williams, Wood & Linthicum, Mr. George G. Bingham, Messrs. John H. and Charles L. McNary,* and *Mr. Sanderson Reed,* with an oral argument by *Mr. Reed.*

For respondent there was a brief over the names of *Mr. Woodson T. Slater* and *Mr. William M. Kaiser,* with an oral argument by *Mr. Kaiser.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is contended by defendants' counsel that the court erred in permitting testimony given at the trial of an action in which the plaintiff herein was not a party to be read in evidence. The bill of exceptions shows that Dr. F. E. Smith testified that as a practicing physician he had visited Mr. Werner Breyman, who at the trial of this cause was too ill to attend as a witness. M. E. Pogue stated upon oath that as a stenographer he reported the case of *Savage* v. *Salem Mills Co.*, 48 Or. 1 (85 Pac. 69), at the trial of which Mr. Breyman appeared as defendant's witness, whose testimony was not disputed by counsel for the party calling him, though they might have claimed, in argument, that his sworn declarations were erroneous. Pogue was permitted, over objection and exception, to read from his stenographic notes the entire testimony so given, the material parts of which related to an alleged custom of the defendant with respect to receiving wheat from farmers and issuing to them receipts therefor, and detailed the manner in which the mill company, the defendant in both actions, usually disposed of such grain. The plaintiff's counsel maintain that this testimony was admissible under a clause of our statute, to-wit:

"Evidence may be given on the trial, of the following facts: * * 3. A declaration, or act of another, in the presence and within the observation of a party, and his conduct in relation thereto." Section 718, B. & C. Comp.

1. This enactment recognizes a well-established rule of evidence, which is to the effect that when a declaration is made in the presence and hearing of a party, who understands the full import thereof and is at liberty to reply thereto, and the utterance is made by such a person and under such circumstances as naturally to call for an answer, a failure to deny an assertion that is adverse to the known rights or interests of such party is tantamount to an implied admission of the truth of

53 OR.——12

the affirmation: 1 Am. & Eng. Enc. Law (2 ed.) 672; 16 Cyc. 956; 1 Enc. Ev. 367; Elliott, Ev., § 230; Gillett, Ind. & Col. Ev., § 5; Greenleaf, Ev., § 197; Jones, Ev., § 291. "Declarations or statements," says Mr. Justice MARTIN, in *People* v. *Koerner,* 154 N. Y. 355, 374 (48 N. E. 730, 736), "made in the presence of a party are received in evidence, not as evidence in themselves, but to ascertain what reply the party to be affected makes to them. If he is silent when he ought to have denied, the presumption of acquiescence arises." It is the spontaneity of a party's denial of a declaration made in his presence and hearing, injuriously affecting his interests, that rebuts any inference of acquiescence as to the truth of an accusation or the assertion of an adverse right. A party might be so indignant at the production of adverse testimony which he knew was false, or which he asserted was untrue, as vociferously to declare that the witness was a deliberate liar. The use of the supposed emphatic observations might repel any implication of acquiescence that could arise from the testimony received; but the interruption of the orderly proceedings of a trial by a party would manifest his contempt for the court, and properly subject him to such reasonable punishment as might be imposed. As the methodical course of procedure cannot be disturbed without incurring liability for the annoyance, a party who is entitled to his day in court ought not to be bound by the undisputed testimony introduced by himself or his adversary at a former trial, so as to render such evidence admissible at another trial, where a different party is interested in the judgment or decree that may be given.

Thus in *Hovey* v. *Hovey,* 9 Mass. 216, a deposition taken to be used in another action in which a different party was plaintiff was, over objection, received in evidence on the ground that, as the defendant had procured the written declaration under oath, he thereby admitted the truth of the facts stated. It was held, however, that

such evidence was inadmissible; the court saying: "It cannot be inferred, from the defendant's procuring the deposition, that he is bound to admit the statement contained in it. Besides, consequences of the most mischievous kind might be apprehended from allowing such a precedent to be established." So, too, in *Wilkins* v. *Stidger*, 22 Cal. 231 (83 Am. Dec. 64), a similar conclusion was reached. In that case a Dr. McDaniel had assigned to the plaintiff a demand against the defendant upon which the action was based. Mr. Justice CROCKER, speaking for the court in rendering the decision, says: "It seems that the professional services sued for were given in attending to injuries sustained by the defendant, caused by the upsetting of a stage-coach of the California Stage Company, in which the defendant was a passenger. The defendant's claim for damages against the stage company was referred to arbitrators, and at the trial before them the defendant introduced McDaniel to prove the amount and correctness of his bill for services, being the same in controversy in this suit, as an item of the damages to which he was entitled against the stage company. The plaintiff in this action offered evidence to prove this fact, of the use of McDaniel and his bill as testimony by the defendant, and it was admitted under the exception of the defendant. To support this ruling of the court it is urged that as McDaniel testified that his bill was correct, and as the defendant was present and did not deny the statement, but used the evidence and bill in the trial before the arbitrators as a true and correct account, it is evidence of an admission by him, and that his silence is to be deemed an acquiescence. It is clear that this evidence is not of such a character as to conclude the defendant, or to estop him from controverting it, for the plaintiff was not influenced thereby to do any act to his injury. His remaining silent and not denying or contradicting his witnesses, when giving this evidence before the arbitrators, cannot be held as

estopping him, or deemed an acquiescence. His remaining silent did not injure the plaintiff, or operate as a fraud upon him. It is clear that a party to a suit is not bound by, or held to admit as true, every statement made by his witnesses during the trial of a cause, because he does not deny or contradict them at the time. A denial or contradiction under such circumstances would produce great confusion, and cause continual wrangling between the party and the witnesses. There is a certain regularity, order, and decorum required in such proceedings, which precludes parties from interposing with denials and objections as they could in common conversations. There are circumstances under which statements may be made, which, if not denied by the party at the time, he is deemed to have admitted; but this does not properly come within that rule." To the same effect, see *Broyles* v. *State ex rel. De Long,* 47 Ind. 251; *Horan* v. *Byrnes,* 72 N. H. 93 (54 Atl. 945: 62 L. R. A. 602: 101 Am. St. Rep. 670).

2. Our statue regulating the manner of proving certain matters contains this provision, to-wit:

"Evidence may be given on the trial of the following facts: * * (8) The testimony of a witness, deceased or out of the State, or unable to testify, given in a former action, suit, or proceeding, or trial thereof, between the same parties, relating to the same matter." Section 718, B. & C. Comp.

As the trial herein was not between the same parties as in the Savage case, though the issue there involved related to the same matter as in the case at bar, the testimony so objected to was inadmissible.

For the error committed in permitting Mr. Breyman's testimony to be read in evidence, the judgment is reversed, and the cause remanded for a new trial.

REVERSED.

Decided December 22, 1908.

## ON PETITION FOR REHEARING.

[98 Pac. 521.]

MR. JUSTICE MOORE delivered the opinion of the court.

3. At a rehearing of this cause it was insisted by plaintiff's counsel that, eliminating the evidence which, in the former opinion, was held to be inadmissible, the remaining testimony is sufficient to justify the directed verdict for their client, and that, this being so, the judgment should have been affirmed, instead of reversed, and a new trial ordered. As the question now presented was not suggested at the prior hearing, it is essential to refer to the proceedings which terminated the action. The transcript shows that, after the plaintiff has introduced his evidence and rested, the defendant's counsel moved for a nonsuit, on the ground that the evidence offered did not sufficiently establish a cause to entitle it to be submitted to the jury. This motion was denied and an exception allowed, whereupon defendant's counsel announced:

"We have no witnesses."

The plaintiff's counsel then moved for a directed verdict for their client, based on the pleadings and the uncontradicted testimony as to all the material issues, which motion was granted and an exception reserved.

The degree of proof required of a plaintiff, who, in order to obtain a favorable judgment, must sustain the material issues involved, is generally classed as a probability. If, when he rests his case, the facts which were incumbent upon him to establish, appear from the evidence as merely possible, the court, upon motion of the adverse party, should grant a judgment of nonsuit for failure to prove a material issue. When, however, after the plaintiff rests his case, it appears from his evidence that the facts devolving upon him to make manifest are quite probable, his cause has passed the danger point of a

nonsuit, and, together with the defendant's evidence, if offered, should be submitted to the jury for them to determine the credibility of the witnesses and the weight of the testimony, by comparing and considering the balancing probabilities. Wigmore, Ev., § 2487, p. 3529, note 7.

4. As the line of demarkation between the degrees of proof known as possibility and probability is indistinct, courts, when called upon to determine, as matters of law, whether or not certain evidence falls within one or the other of these classes, cannot always agree. In the case at bar, by eliminating the testimony which has been excluded, and by invoking in favor of the remainder of the evidence all inferences and presumptions that are reasonably deducible therefrom, as is required when the sufficiency of testimony is challenged by a motion for a nonsuit (*Morgan's Estate*, 46 Or. 233: 77 Pac. 608: 78 Pac. 1029), the case will be considered on its merits.

5. The theory upon which the plaintiff seeks to sustain the action is that the delivery of certain wheat at the defendant's mills constituted a sale, entitling him to recover the value of the grain; while the defendant maintains that the deposit was a bailment. There are statements in the testimony of several witnesses, who left their wheat at the mills, that after the delivery, when they concluded to sell, they notified the defendant, and accepted the price which it then offered. At the trial herein, the defendant's counsel, attempting to prove that the title to the property did not pass by the delivery, sought to show by cross-examining one of the plaintiff's witnesses that J. H. Patty, the plaintiff's intestate, hypothecated his wheat to a third party, after delivering it, and that other depositors had insured their wheat after storing it with the defendant; but this testimony was excluded on the ground that it was incompetent. An examination of the testimony discloses that the wit-

ness referred to had not on direct examination alluded to the matters thus attempted to be brought out on cross-examination. The only evidence therefore that tends to show a bailment is the declaration of some of the witnesses who, in response to questions asked them by defendant's counsel, referred thereto as hereinbefore indicated; but each of such witnesses had, on direct examination, stated facts by which a sale was clearly established. It also appears that persons having wheat at the mills received from the defendant load checks, in exchange for which they obtained receipts; copies thereof being set forth in the case of *Savage* v. *Salem Mills Co.,* 48 Or. 1 (85 Pac. 69).

Notwithstanding the contradictory statements mentioned, we believe that, from the testimony held admissible, the custom alleged in the complaint was established with such a degree of proof as to entitle the cause to be submitted to the jury, and that the motion for a nonsuit was properly denied.

6. Such a motion is tantamount to a demurrer to the evidence, based on the ground that it is insufficient to establish one or more of the material issues devolving upon the plaintiff to prove, and that the cause therefore should not be submitted to the jury. If, when the motion is denied, the defendant declines to offer any evidence, and there be no controversy in respect to the questions of the recovery, the court may, in civil actions, direct a verdict for the plaintiff. Thus, in *Winchell* v. *Hicks,* 18 N. Y. 558, it was ruled that a defendant moving, on the conclusion of the evidence, for a nonsuit, which was denied, if he desired that the questions of fact should be submitted to the jury, was required distinctly to request it, and could not on appeal contend, under a general exception to the direction of a verdict, that there were questions of fact which should have been submitted. That decision was rendered under a statute which

required all issues of fact to be tried by a jury, and which also contained a clause identical with Section 157, B. & C. Comp., to-wit:

"Trial by jury may be waived by the several parties to an issue of fact, in actions on contract, and with the assent of the court in other actions, in the manner following: (1) By failing to appear at the trial; (2) by written consent, in person or by attorney, filed with the clerk; (3) by oral consent in open court, entered in the minutes."

The rule thus announced in New York has been repeatedly followed in that State. Thus, in *Dillon* v. *Cockcroft*, 90 N. Y. 649, 650, the opinion of the trial court in that action was adopted, as follows: "There was no error in directing a verdict for the plaintiff. The defendant's counsel did not ask to go to the jury upon the facts, but made a motion to dismiss the complaint, which was denied before the plaintiff moved that the court direct a verdict. The motion to dismiss the complaint was equivalent to a request to direct a verdict in favor of the defendants. Such being the case, the parties by the motion made, each one of them, virtually agreed to submit the question of fact to the judge, and under such circumstances, if there is any evidence to uphold the decision, it is not error. It is well settled that where the defendant moves for a nonsuit or rests his defense upon questions of law, and does not request to go to the jury, and his motion is denied, or the law held adversely to him, he is estopped from raising the point upon appeal that there were questions of fact which should have been passed upon by the jury." The same legal principle has been adopted in South Dakota, under a statute similar to ours, in requiring that all issues of fact shall be tried by a jury, unless waived in the manner indicated. Section 157, B. & C. Comp.; *Grigsby* v. *Western Union Tel. Co.*, 5 S. D. 561 (59 N. W. 734); *Yankton Fire Ins. Co.* v. *Freemont R. Co.*, 7 S. D. 428 (64 N. W. 514).

7. The reason for this rule is that, by moving for a nonsuit after the plaintiff has introduced his evidence and rested, the defendant waives his right to a jury trial, on the ground that the proof is insufficient to make a case adequate to be submitted to the jury. When the nonsuit is denied, and an exception saved, if the defendant declines to produce any evidence and does not request that the cause be submitted to the jury, he insists upon his waiver by adhering to the position thus assumed. In such a case, the plaintiff, by moving for a directed verdict, joins in the waiver, and, both parties having submitted the facts to the court, its decision thereon when a verdict is directed, though subject to an exception, brings up on appeal only the denial of the nonsuit, which action will be sustained if there be any evidence to support the judgment. Hughes, Inst. to Juries, § 136; 11 Am. & Eng. Enc. Law (2 ed.) 500; *Clancy* v. *Reis,* 5 Wash. 371 (31 Pac. 971). In *Coffin* v. *Hutchinson,* 22 Or. 554, 556 (30 Pac. 424), the plaintiff having introduced his testimony and rested, the defendants moved for a nonsuit because of insufficiency of the evidence; but the motion was denied, and an exception reserved. The defendants declined to offer any evidence, and the jury were directed to return a verdict for plaintiff. The judgment given thereon was affirmed on appeal. In rendering the decision, Mr. Chief Justice STRAHAN says: "In such cases, it is proper for the court to direct the verdict, and a verdict thus ordered will be sustained if the law and facts disclosed by the evidence warrant it. * * A fair test in such case is: If the jury, in the absence of a special direction, were to find a verdict the other way, ought it to be set aside?" The test thus prescribed should be construed in the light of a clause of our statute, which provides that a verdict may be set aside and a new trial granted for insufficiency of the evidence to justify the verdict, or that it is against law. Section 174, subd. 6, B. & C. Comp. That would mean,

if there is any evidence to uphold the decision, it is not error to direct a verdict for the plaintiff, when the defendant's motion for a nonsuit is overruled, and he declines to introduce any evidence and does not request that the cause should be submitted to the jury.

Believing that the plaintiff is entitled to a modification of the former opinion, it is so ordered, in so far as a new trial was directed; and hence the judgment in all other respects is affirmed.                     MODIFIED.

<hr />

Decided March 23, 1909.

ON PETITION FOR FURTHER REHEARING.

[100 Pac. 298.]

Opinion by MR. CHIEF JUSTICE MOORE.

8. The defendant's counsel contended in a petition for a rehearing that, in upholding the directed verdict returned herein, this court, without determining that the evidence given necessarily justified the conclusion reached by the trial court, attempted to establish a rule of practice that is not regulated by statute; that the right of trial by jury is guaranteed in all civil cases (Section 17, Article I, Constitution of Oregon), unless waived in the manner prescribed by law (Section 157, B. & C. Comp.), and that the bill of exceptions does not show that the defendant relinquished its right to such a trial, nor can its renunciation be reasonably assumed from any failure to request that the cause should have been submitted to a jury after the motion for a nonsuit was denied. In support of the principle thus asserted, attention is called to the case of *Coffin* v. *Hutchinson*, 22 Or. 554, 557 (30 Pac. 424). In considering the correctness of a verdict there directed for the plaintiff upon the failure of the defendants to offer any evidence after their motion for a nonsuit was denied, it is said: "A fair test in such case is, if the jury, in the absence of a special direction, were to find a verdict the other way, ought it to be set aside?"

In the case cited it does not appear that any request was made for the directed verdict that was returned evidently on the court's own motion, and, though the plaintiff's counsel did not join in waiving the jury trial to which his client was entitled, he did not except to the ruling that was made in his favor. It can readily be seen that, if a verdict for the sum claimed in the complaint can be directed for the plaintiff without a request therefor, the court, upon its own motion, could order a finding for a part of the demand when, in its opinion, the evidence tended to show that such an award should be made, thereby depriving that party of a trial by jury, the right to which he had not relinquished. If no greater sum could legally have been given by the jury than was so ordered, the plaintiff would not be prejudiced in any manner; and, this being so, a fair test in such case should be: If the jury, in the absence of special direction, were to find any other verdict, ought it to be set aside? We believe this is the extent of the rule that should have been announcd in *Coffin* v. *Hutchinson*, 22 Or. 554, 557 (30 Pac. 424), when a motion for a judgment of nonsuit is denied, and the court of its own motion directs a verdict for the plaintiff.

9. In the case at bar each party relinquished the right to a jury trial, which right the defendant did not revive by any request to have the cause submitted to the jury, after the motion for a judgment of nonsuit was denied. Such a motion, when overruled, is not waived in this State by evidence introduced by the defendant, unless a defect in the plaintiff's proof is thus cured by establishing the material facts necessary to authorize a recovery conformable to the averments of the complaint. *Bennett* v. *Northern Pac. Ex. Co.*, 12 Or. 49 (6 Pac. 160) ; *Carney* v. *Duniway*, 35 Or. 131 (57 Pac. 192: 58 Pac. 105) ; *Trickey* v. *Clark*, 50 Or. 516 (93 Pac. 457).

10. So, too, upon principle, the defendant, by requesting that a cause be submitted to the jury, after a denial

of his motion for a nonsuit, does not waive his application therefor, but manifests a desire to take the opinion of the jurors as to the facts involved to which he is entitled by law rather than to accept the judgment of the court thereon.

11. When he moves for a judgment of nonsuit, he expressly waives in the manner prescribed (Section 157, B. & C. Comp.) the right to a jury trial, and, if he would revive that right after the nonsuit is denied, he should request the court to submit the cause to the jury.

12. The practice herein approved is not prescribed by statute, nor was the rule invoked at the rehearing. In order finally to dispose of causes on appeal, it is occasionally incumbent upon the court to adopt a procedure that was not requested at the trial. If the mode thus selected impels the speedy enforcement of a right, or induces the hasty redress of a wrong, and, as a correct exposition of the law, is appropriate to the facts involved, it is controlling and ought to be adopted, though the legal principle applied may not have been suggested by either party. We believe the rule selected meets these several requirements.

13. The right of a defendant to a jury trial in civil cases must be maintained inviolate, but, when that party waives that right by requesting the trial court to grant a judgment of nonsuit, on the ground that the evidence of the adverse party is insufficient to authorize the cause to be referred to the triers of fact, such express renunciation ought to be obligatory upon the party making it until he changes the position thus voluntarily assumed, either by introducing evidence after the motion for the nonsuit is denied, or by requesting the court to submit the cause to the jury.

Since the defendant herein did not make such a demand, or offer any evidence after the motion was decided, we must adhere to the rule adopted in the preceding opinion; and hence the petition for a rehearing is denied.

FURTHER REHEARING DENIED.