Argued September 14, affirmed September 21, 1966
# STATE OF OREGON *v.* GEORGE WESLEY STORMS
## STORMS
418 P. 2d 261

*William J. Sundstrom,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and George M. Joseph, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

GOODWIN, J.

The defendant was convicted of violating ORS 164.260 (burglary by explosives) and appeals.

■ One assignment of error challenges the refusal of the trial court to dismiss the indictment because the defendant was not granted a speedy trial. The assignment is without merit. While it is true that some four years elapsed between the date of indictment and the date of trial, the delay was of the defendant's own making. After he was indicted in Oregon, but before he could be tried, he was tried, convicted and imprisoned in Idaho. He was promptly tried in Oregon after he had served his sentence in Idaho. We are unaware of any rule that requires us to confer immunity upon a person for his crimes in Oregon when his criminal activities in other states serve to prevent a speedy trial in this state. *State v. Swain,* 147 Or 207, 214, 31 P2d 745, 32 P2d 773, 93 ALR 921 (1934).

Other assignments of error charge the trial court with abusing its discretion in allowing the prosecution undue latitude in cross-examining various witnesses. The record reveals several instances of damaging cross-examination, but, in the context of this particular trial, nothing that would justify reversal.

■ The difficulty was largely of the defendant's own confection. In one instance, he called a deputy district attorney as a witness and asked whether or not two young men accused of other crimes had been allowed to make "deals" with the prosecution. The prosecutor made the most of the opportunity thus opened up, and brought out testimony from which the jury could have drawn an inference that the defendant had committed other crimes for which he was not at that time on trial.

■ In another instance, the prosecution was permitted to prove by way of impeachment of the defendant that the defendant's wife had been convicted of violating city ordinances which relate to prostitution. The matter was wholly irrelevant, and we are satisfied that if the defendant had not opened up the question of his wife's activities the trial court would have excluded the evidence. However, the defendant himself had testified on direct examination that his wife had become a prostitute and a narcotics addict while the defendant was in prison. The state attacked the defendant's credibility by showing that the woman had been a prostitute before the defendant went to prison.

■ The remarkable inability of the parties to keep the trial within the issues created numerous problems for the trial court. The defendant, for reasons of his own, decided to put his character in issue. In his direct testimony, the defendant admitted that he was,

or had been, a check writer, a fence, a petty thief, and a frequenter of bawdy houses. He apparently hoped the jury would believe, however, that with all his faults he was not a burglar.

The state took full advantage of the various subjects opened up by the defendant, and exploited some of them in a manner that under other circumstances might have been prejudicial. Upon the whole record in the case at bar, however, we cannot say that either the state or the trial court did anything to deny the defendant a fair trial. After the defendant's own performance at a witness, it was virtually impossible for the state to blacken his character further.

Affirmed.