Argued October 31, 1967, affirmed January 17, 1968

STATE OF OREGON, *Respondent, v.*
JACK RANDALL JORDON,
*Appellant.*

436 P. 2d 1

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*Donald Turner,* District Attorney, The Dalles, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Justices.

PERRY, C. J.

The defendant Jack Randall Jordon was indicted for assault with a dangerous weapon, escape from official detention, and joyriding. He was convicted on each count, and appeals.

Defendant's sole assignment of error is the refusal of the trial court to sustain his motion to dismiss the indictment, based upon his contention that he was denied a speedy trial.

The record in this case discloses that on September 7, 1962, the defendant was detained in the Wasco county jail at the request of the state of Washington. On that day the defendant in company with others escaped from the jail. Defendant was apprehended in Umatilla County, Oregon, and then delivered to the officers from the state of Washington. He was convicted of the commission of a crime in the state of Washington and sentenced to the penitentiary of that state.

The indictment for the crimes of which he was convicted in this state and appeals was returned by the grand jury January 29, 1964.

At the request of the district attorney of Wasco County, the officers of the Washington State Penitentiary returned the defendant to Wasco county in July, 1965, to appear as a witness in a matter then on trial. Defendant states that at this time he asked the district attorney of Wasco county if there was any way that he could be brought to immediate trial and was told this was not possible.

Defendant cites no reciprocal agreement and we know of none between the state of Washington and Oregon whereby either state can or will consent to a prison inmate being temporarily released to the other jurisdiction for the purpose of standing trial for an alleged criminal offense.

Defendant was promptly tried in the state of Oregon after he was released from the Washington State Penitentiary.

The circumstances of this case fall within law announced in *State v. Storms*, 244 Or 357, 418 P2d 261.

The judgment is affirmed.