Argued June 19, reversed and remanded September 17, 1970

STATE OF OREGON, *Respondent, v.*
JACK CHRISTENSEN, *Appellant.*

474 P2d 782

*John N. Hutchens*, Vale, argued the cause for appellant. With him on the briefs were Schroeder, Denning & Hutchens, Vale.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

FOLEY, J.

Defendant was convicted by jury of unlawful sale of narcotics, and received a ten months' suspended jail sentence and three years' probation. He appeals.

■ The principal witness against defendant was an Idaho police officer, George Nourse, working under-

cover in Oregon. He testified to purchasing marihuana from defendant. Defendant's contention that Nourse was an accomplice whose testimony required corroboration has no merit. The buyer of a narcotic drug is not an accomplice of the seller, *State v. Nasholm,* 2 Or App 385, 467 P2d 647 Sup Ct *review denied* (1970).

Officer Nourse testified that he was assisted in making the alleged marihuana purchase by a young man named Randall Kauffman; that both he and Kauffman were passengers in a car driven by one Terry Lamm; and, that as they arrived at the parking lot where the purchase was made, they "pulled up beside the Camaro to purchase some marijuana from an individual in that car." According to Nourse, Kauffman left their car and got into the right front seat of the Camaro and apparently conversed with the defendant, seated in the back seat with a female companion. Nourse testified that Kauffman returned with a bag of marihuana, discussed the terms of a sale with him, and then went back to the Camaro and again sat in the front seat. Officer Nourse stated that Kauffman returned a second time and handed him some marihuana in exchange for $20 which Kauffman then paid to defendant. Officer Nourse admitted that he did not, at any time, speak with defendant, hear defendant speak, nor see any marihuana in defendant's possession.

Upon further examination, Officer Nourse testified that Kauffman was the one who pointed out the Camaro:

"THE WITNESS: Randy told me to pull up beside this, and he pointed up to—he said, 'Pull up there. I can get some marijuana here.'"

Defendant objected to this testimony as hearsay and assigns as error the court's refusal to exclude it.

██ The state contends (1) that the statement is not hearsay because it was offered to show circumstantially the state of mind of the declarant, and (2) if it is hearsay it is admissible under the state-of-mind exception to the hearsay rule. These contentions are erroneous. This statement constitutes hearsay. It is an out-of-court assertion being used in court to prove the truth of the matter asserted. See *State v. Randolph*, 251 Or 45, 444 P2d 545 (1968) ; *State v. Crawley*, 242 Or 601, 609, 410 P2d 1012 (1966) ; *State v. Kendrick*, 239 Or 512, 515, 398 P2d 471 (1965). The declarant Kauffman's state of mind is not in issue here. The mere fact that this statement incidentally indicated Kauffman's intention or desire to buy marihuana does not automatically make the statement admissible. The significance of this statement is that it would allow the jury to infer substantively not only that Kauffman did in fact buy marihuana from defendant, but also that he had done so before, suggesting thereby that defendant was a "seller." The hearsay rule was designed to preclude this type of testimony.

■ Officer Nourse further testified on direct examination that after defendant through Kauffman had offered him a bag of marihuana for $25, he purchased part of it for $20. He made no reference to what became of the remainder of the marihuana contained in the bag. On cross-examination of Nourse, defendant brought out the fact that Randall Kauffman purchased the remaining marihuana.

"Q * * * Now, when you left you knew this Kauffman had the balance of that marijuana, didn't you?

"A He told me he bought the remainder from the defendant.

"Q I don't care what he told you.

"A He didn't show it to me."

The state, then, on redirect, inquired of Officer Nourse how he knew Kauffman had the remaining marihuana.

"Q Can you tell us the precise words he used when he informed you of that?"

Over the defendant's hearsay objection, the court allowed Officer Nourse to answer:

"THE WITNESS: Randy came back to the car, and he told me that the—that the $5-worth that he had taken out of the lid, that he had bought this from the defendant. He didn't use the defendant's name. He said, 'I bought it from that guy and I paid a dollar for it. It pays to have friends.' "

Defendant assigns this as error.

This statement is a classic example of hearsay. The state does not contest this, but instead claims that the statement is admissible as proper redirect examination because the defendant opened "* * * the door to the reception of evidence of questionable admissibility * * *." As authority for this argument the state cites *State v. Storms*, 244 Or 357, 359, 418 P2d 261 (1966), and *State v. Oland*, 1 Or App 272, 275-77, 461 P2d 277 (1969) Sup Ct *review denied* (1970). We believe *Storms* is limited to its own facts. In *Oland* the testimony clearly was not admitted as substantive evidence. Neither case held that incompetent evidence may be made competent, and therefore admissible as substantive proof.

Having determined that both statements constitute hearsay and finding no exception to the hearsay rule within which either fits, the question becomes whether or not the error in admitting them was prejudicial so as to require reversal. We think it was.

■ The test for determining whether an error is

harmless or prejudicial was set out in *State v. McLean*, 1 Or App 147, 459 P2d 559 (1969), by this court, and was subsequently clarified by the Supreme Court, 255 Or 464, 468 P2d 521 (1970). Reversal is required unless the court can affirmatively find that the error had "* * * 'little, if any, likelihood of having changed the result of the trial' * * *." 255 Or at 477.

■ In this case two statements have been admitted as substantive evidence tending to prove that defendant sold marihuana to Officer Nourse and to Kauffman, and that defendant was known to Kauffman as a regular seller. Kauffman, when called as a witness by the state, testified he was not present at the time the two statements were made. Therefore, the prosecution could not have properly introduced these statements as substantive evidence of defendant's guilt. They may have been admissible for the purpose of impeaching Kauffman by prior inconsistent statements. However, such statements would then not have constituted substantive evidence and defendant would have been entitled to a jury instruction to that effect. Under these circumstances, we cannot affirmatively say that these statements had little, if any, likelihood of affecting the defendant's conviction. For these reasons the case must be reversed and a new trial ordered.

Reversed and remanded.