Argued April 20, affirmed May 28, petition for rehearing
denied by opinion July 1, petition for review
allowed September 21, 1971

STATE OF OREGON, *Respondent, v.*
JOSEPH ALBERT O'BRIEN, *Appellant.*

485 P2d 434
486 P2d 592

*Bruce E. Smith,* Eugene, argued the cause and filed the briefs for appellant.

*Ted E. Barbera,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Defendant was convicted by the court sitting without a jury of illegal possession of narcotics. ORS 474.020. He contends that (1) the court erred in allowing hearsay testimony and in denying a motion to strike the testimony; (2) the court erred in allowing testimony of another crime; and (3) the court erred in not allowing his motion for judgment of acquittal.

There was evidence establishing that one evening Russel Edmonds went to the New World Coffee House in Eugene where he encountered the defendant, Arthur Koivisto and Judy Freeman. After a few minutes a fifth person, Joe Lyda, joined them at the table.

At approximately 11 p.m., all left together in Miss Freeman's car. Upon reaching the corner of 14th and High Streets in Eugene, they stopped. At this time all of the people in the car knew that the purpose of the stop was to purchase marihuana.

Lyda got out of the car and returned in about 10 minutes with a paper sack out of which he took a half-opened cigarette package which contained 12 hand-rolled cigarettes. Lyda sold five of the cigarettes to Koivisto for $5 and six of the cigarettes to Edmonds for $6. The cigarettes sold to Edmonds were identified at the trial as marihuana. Edmonds testified that after removing the package of marihuana cigarettes from it Lyda passed the paper sack around, that defendant entered into the conversation in the car regarding the marihuana, and further that Lyda then stated the paper sack contained twigs and seeds from his last shipment of marihuana and offered to sell it for $1. The defendant, immediately after looking into the sack, purchased it from Lyda for $1. Neither Edmonds nor Freeman, the state's witnesses, saw the contents of the sack, and it was not produced at trial. Edmonds also testified that at a later date the defendant told him he had taken "the material" in the paper sack and with a knife chopped it up finer, put it into a matchbox and sold it for $5.

■ The principal assignments of error relate to the testimony of Joe Lyda, who the record shows was "currently under indictment and fleeing somewhere." Defendant contends that any statements of Lyda made in the car in the presence and within the hearing of the defendant were inadmissible as hearsay. The court overruled this.

Edmonds testified:

"Mr. Lyda mentioned the fact that the sack contained some twigs of stems and seeds from which the shipment, the last purchase of his marijuana that he had bought to make the cigarettes, was contained in the paper sack, and that it was for sale for a dollar, and he said that there was ap-

proximately a match box full of twigs and stubble in the sack.",

and later:

"Q   And it is your recollection of Mr. Lyda's statement that the material in the sack were the twig stems and seeds from the marijuana out of which the cigarettes were made?
"A   Yes, sir."

We note no objection was made on the ground that Lyda's statement did not constitute the best evidence of what the sack contained.

The statement made by Lyda was relevant as a circumstance tending, together with those described above, to establish defendant's belief that it was marihuana and his intent to buy it when, simultaneously with his examining what was in it, he paid $1 for the paper sack and its contents. This was admissible as an exception to the hearsay rule under ORS 41.900 (3).[①] We note that no motion was made to establish or limit the purpose for which the statement was offered. See *State v. Sieckmann,* 3 Or App 454, 474 P2d 367 (1970). The assignment is without merit.

■ The next contention is that it was error to allow the testimony of Edmonds that defendant told him that he cut up the "material" in the paper sack a short time later and sold it for $5.

---

[①] ORS 41.900:
"Evidence may be given of the following facts:
"*   *   *   *   *

"(3) A declaration or act of another, in the presence and within the observation of a party, and his conduct in relation thereto.
"*   *   *   *   *."

We have discussed the rules relating to evidence of other offenses in several recent cases. *State v. Zimmerlee,* 5 Or App 253, 483 P2d 111 (1971), rev'd 94 Adv Sh 15, — Or —, 492 P2d 795 (1972); *State v. Hamilton,* 5 Or App 266, 483 P2d 90, Sup Ct *review denied* (1971); *State v. Tucker,* 5 Or App 283, 483 P2d 825, Sup Ct *review denied* (1971). In accordance with those cases we hold, in the language of *State v. Long,* 195 Or 81, 116, 244 P2d 1033 (1952), such testimony was admissible "to show motive, design or purpose for the crime charged."

■ The final error claimed is the failure to grant a judgment of acquittal. Defendant contends the state failed to prove possession of a usable quantity of marihuana. There was evidence one marihuana cigarette was worth $1. One cigarette is usable. There is testimony that defendant not only paid $1 for the contents of the paper sack, but after cutting it up sold it for $5. Such evidence amply supports a finding that the quantity he possessed was usable. We therefore do not reach the question whether possession of any of a narcotic drug as distinguished from a usable quantity constitutes a violation of the statute. We think the evidence amply supports the judgment, and accordingly that the motion was correctly denied.

The judgment is affirmed.

THORNTON, J., dissenting.

Defendant has cited two assignments of error, each of which presents a sufficient ground for reversal. First, at trial, and over objection on the grounds of hearsay, Russel Edmonds was permitted to testify to out-of-court statements allegedly made by Joe Lyda. These statements were to the effect that the paper bag allegedly sold to the defendant con-

tained "* * * some twigs of stems and seeds from * * * the * * * last purchase of his marijuana * * *." The admission into evidence of the testimony was prejudicial error and grounds for reversal.

*State v. Christensen,* 3 Or App 442, 444-5, 474 P2d 782 (1970), presented a situation almost identical with that of the case at bar. In that case the hearsay in question concerned testimony by an undercover policeman as to what the declarant Randall Kauffman had said. Kauffman had driven with the policeman to meet defendant. At trial the officer testified:

"* * * * *

"'THE WITNESS: Randy told me to pull up beside this, and he pointed up to—he said, "Pull up there. I can get some marijuana here."'

Defendant objected to this testimony as hearsay and assigns as error the court's refusal to exclude it.

"The state contends (1) that the statement is not hearsay because it was offered to show circumstantially the state of mind of the declarant, and (2) if it is hearsay it is admissible under the state-of-mind exception to the hearsay rule. These contentions are erroneous. This statement constitutes hearsay. It is an out-of-court assertion being used in court to prove the truth of the matter asserted. See *State v. Randolph,* 251 Or 45, 444 P2d 545 (1968); *State v. Crawley,* 242 Or 601, 609, 410 P2d 1012 (1966); *State v. Kendrick,* 239 Or 512, 515, 398 P2d 471 (1965). The declarant Kauffman's state of mind is not in issue here. The mere fact that this statement incidentally indicated Kauffman's intention or desire to buy marihuana does not automatically make the statement admissible. The significance of this statement is that it would allow the jury to infer substantively not only that Kauffman did in fact buy marihuana from defendant, but also that he had done so before, sug-

gesting thereby that defendant was a 'seller.' The hearsay rule was designed to preclude this type of testimony."

Likewise, Lyda's statement would allow the jury to infer substantively not only that there was marihuana in the bag, but also that the defendant was a "buyer" of marihuana.

The only distinction between *Christensen* and the case at bar is that the defendant was not present when the witness made his statement in *Christensen* and the defendant was present when Lyda allegedly spoke in the case at bar. Statements made by others are no less hearsay when made in the presence of the defendant, and are inadmissible unless coming within a recognized exception to the hearsay rule, such as an accusatory statement. *People v. McKnight*, 87 Cal App2d 89, 196 P2d 104 (1948). ORS 41.900 states that:

"Evidence may be given of the following facts:

"*  *  *  *  *

"(3) A declaration or act of another, in the presence and within the observation of a party, and his conduct in relation thereto.

"*  *  *  *  *  *"

In *Swain v. Oregon Motor Stages,* 160 Or 1, 82 P2d 1084, 1085 (1938), this statute (then § 9-226, Oregon Code 1930) was interpreted to mean that a declarant's statements made in the presence of the defendant were admissible if the defendant possessed an opportunity and *a motive to deny* the statement *if it were deemed to be incorrect.* See also *Brown v. Bryant,* 244 Or 321, 324, 417 P2d 1002 (1966); *Patty v. Salem Flouring Mills Co.,* 53 Or 350, 353, 96 P 1106, 98 P 521, 100 P 298 (1909).

The statement allegedly made by Lyda would not be one calling for denial by defendant. The "in presence" exception to the hearsay rule authorized by ORS 41.900 (3) would not apply in this case and *Christensen* should control the question of the statement's admissibility.

The state also contends that the evidence is admissible under ORS 41.900 (7) and ORS 41.870. But as defendant points out in his brief, ORS 41.870, which reads:

> "Where the declaration, act or omission forms part of a transaction which is itself the fact in dispute, or evidence of the fact, such declaration, act or omission is evidence as part of the transaction * * * *,"

is merely

> "* * * a legislative definition of 'res gestae.' *Humphrey v. Chilcat Canning Co.*, 20 Or 209, 213, 25 P. 389 (1890). 'Res gestae' is an exception to the hearsay rule relating to the admissibility of spontaneous declarations which are considered to have a special reliability. The basis for the rule is stated in 29 Am Jur 2d Evidence section 708:
>
> > " 'The basis for the admission of declarations under the res gestae rule is the well-founded belief that statements made instinctively at the time of a specific transaction or event, without the opportunity for formulation of statement favorable to one's own cause, are likely to cast important light upon the matter in issue; as to such statements, the law creates a presumption of their truthfulness.' Accord, *Raymond v. Shell Oil Co.*, 165 Or 11, 22, 103 P.2d 745 (1940); *State v. Hutchison*, 222 Or 533, 537, 353 P.2d 1047 (1960).
> >
> > " * * * * *"

The statements of Lyda were not the type of

statement contemplated by the "res gestae" exception. They were the statements of a salesman intent on making a sale and as such would not carry a presumption that they were spontaneous or uncontrived. To the contrary, they would be self-serving.

The majority opinion has taken the position that the testimony by Edmonds as to what Lyda said was admissible not as hearsay, but "* * * as a circumstance tending, together with those described above, to establish *defendant's* belief that it was marihuana and his intent to buy it when, simultaneously with his examining what was in it, he paid $1 for the paper sack and its contents * * *." (Emphasis supplied.) But, "[d]eclarations tending to show the state of mind of another are hearsay and inadmissible," 31A CJS 668, 670, Evidence § 255. In *Herrmann v. Newark Morning Ledger Co.*, 48 NJ Super 420, 449, 138 A2d 61, 77, adhered to 49 NJ Super 551, 140 A2d 529 (1958), the court said:

> "* * * Also incompetent was testimony by plaintiff that an anonymous caller on the phone told his wife 'about that husband of yours, a Communist.' The court denied a motion to strike it. This was hearsay not within the exception. It did not relate to the declarant's (wife's) state of mind concerning the effect of the article * * *."

Likewise, here the statement by Lyda does not relate to the defendant's state of mind or intent but is only a statement of what Lyda alleged was in the bag. As such the statement would be inadmissible because it would be incompetent to prove defendant's state of mind or intent.

Prejudice by admission of the objected-to hearsay is evident by a reading of the record.

It cannot be assumed that the trial judge considered the testimony of Lyda for any purpose other than that for which it was submitted by the state, namely, to prove that there was marihuana in the bag.

The statement by Lyda was the only direct evidence that there was marihuana in the bag. Because it was accepted by the trial judge for that purpose, I cannot find that the erroneous admission of the hearsay had "* * * 'little, if any, likelihood of having changed the result of the trial,' * * *." *State v. McLean*, 255 Or 464, 479, 468 P2d 521 (1970). I find therefore that the error in admitting the hearsay was prejudicial and grounds for reversal.

Defendant's final assignment of error contended that the court erred in failing to grant a judgment of acquittal on the grounds that the state had failed to prove possession of a usable quantity of marihuana.

At trial, the state produced neither the paper bag purchased by the defendant nor the marihuana supposedly contained in the bag. The two witnesses produced by the state who were present at the time that the defendant allegedly purchased the bag both testified that they never saw what was in the bag. Having failed to produce the alleged contraband or any person who saw it, the state attempted to prove that the defendant had possessed marihuana by three other methods.

First, they sought to introduce the statement allegedly made by Joe Lyda for the purpose of proving the truth of that statement. As discussed above, there is no conceivable exception to the hearsay rule that would permit the introduction of that statement for that purpose.

Second, the state offered the testimony of Russel Edmonds, the informer, who testified that Joe Lyda took a cigarette package out of the bag defendant is alleged to have purchased. The evidence showed that the cigarette package contained 12 hand-rolled marihuana cigarettes. The evidence also showed that 11 were sold to people other than the defendant and that the twelfth was kept by Lyda. Edmonds testified that the cigarettes were loosely packed. By this statement the state sought to imply that some of the marihuana in the cigarette had fallen into the bag. However, there was *no evidence* produced to the effect that any of the marihuana had fallen into the bag.

Finally, Edmonds testified that the defendant told him that he had taken the "material" in the bag and chopped it up and sold it for five dollars. At no time did the witness Edmonds explain what was meant by the word "material," save the hearsay statements of Lyda.

In conclusion then the state "proved" its case by (1) not producing the marihuana defendant was alleged to have possessed; (2) not producing the bag in which it was allegedly contained; (3) not producing a single witness who could testify that he had seen what was in the bag; (4) not producing a single witness who could testify that any marihuana fell into the bag; (5) producing a hearsay statement which was made at a time when the declarant was trying to make a sale and which would be inadmissible under any hearsay exception, to prove the truth of the statement; and (6) offering defendant's admission that he had cut up and sold the "material."

In *State v. Dennis*, 177 Or 73, 77, 159 P2d 838,

161 P2d 670 (1945), the court set down the classic statement of the sufficiency of circumstantial evidence:

> "* * * The fact that a crime has been committed (the corpus delicti), and that it was done by the defendant, may be lawfully established by circumstantial evidence alone * * *. The evidence upon which the State relies for conviction must not merely coincide with, render probable, and be consistent with, the guilt of the accused, but it must be inconsistent with any reasonable theory of his innocence and incapable of explanation upon any other rational hypothesis than that of guilt * * *."

More recently, in *State v. Christenson,* 5 Or App 335, 339, 483 P2d 84, 484 P2d 853, Sup Ct *review denied* (1971), this court stated that:

> "* * * The jury is entrusted with the responsibility of deciding whether every element [of a crime] has been proved beyond a reasonable doubt, and it is entitled to draw all reasonable inferences capable of being drawn from the circumstantial evidence in reaching that decision * * *. Nevertheless, it is the duty of the court, when proper challenge has been made, to review the evidence and determine
> "'"* * * whether the inferences that can be drawn are sufficiently reasonable * * *."'"

The admissible evidence produced by the state clearly would not be the basis for any reasonable inference that marihuana was in the bag sold to defendant. The state having failed to produce legal evidence of possession of a narcotic drug, the trial court erred when it failed to grant defendant's motion for acquittal. The judgment should have been reversed.

ON PETITION FOR REHEARING

Bruce E. Smith and Riddlesbarger, Pederson, Young & Horn, Eugene, for petition.

No appearance contra.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J., on petition for rehearing.

In addition to the authority previously cited in support of the admission of the challenged statement of Lyda, see *State v. Coffey,* 157 Or 457, 476-77, 72 P2d 35 (1937); and *State v. Farnam,* 82 Or 211, 251-53, 161 P 417, Ann Cas 1918A 318 (1916).

Petition for rehearing is denied.