*[933] THORNTON, J.,
dissenting.
Contrary to the majority, I do not believe that the eliciting of the alleged hearsay testimony from Lt. Fraser concerning the Washington stop and seizure warrants reversal.
Defendant chose to place his character in issue as part of his own defense. Having opened the door he cannot complain if the prosecutor walked through. State v. Storms, 244 Or 357, 418 P2d 261 (1966); State v. Miles, 8 Or App 189, 492 P2d 497, rev den (1972); State v. Rowley, 6 Or App 13, 485 P2d 1120, rev den (1971).
The issue was whether defendant had ever carried firearms, not the circumstances of the Washington stop and seizure.
Lt. Fraser had received from the Washington authorities the subject items which were seized from defendant and his companion during the Washington stop. The officer was entitled to state how the items came into his possession. The fact that some of Lt. Fraser’s explanation may have included hearsay information should not require that the whole case be overturned, particularly where, as here, the defendant was personally involved in the Washington stop and seizure, could cross-examine the officer, and could if he chose (and in fact did) give his version of the incident.[1]
I would affirm.

 See, OBS 41.900(3); State v. O’Brien, 262 Or 30, 496 P2d 191 (1972).