Submitted on briefs June 2, affirmed June 15, rehearing denied July 20, 1920.

## JANSON v. PACIFIC DIKING CO.

(190 Pac. 340.)

**Contracts—Pleading—Sufficient Statement for Action on Contract— Work and Labor.**

1. Complaint *held* to state a good cause of action founded upon a contract between the plaintiff and defendant under which plaintiff was to do certain work for a specific consideration.

**Work and Labor—Pleading—Action—Quantum Meruit.**

2. Complaint, alleging that at special instance and request of defendant plaintiff cleared right of way upon which defendant desired to and did construct a dike by cutting and removing brush and stumps, and that plaintiff's services were reasonably worth $906.75, no part of which has been paid, *held* to state a good cause of action.

97 Or.—9

Evidence—Memorandum—Res Gestae.

3.   Where at the time parties enter into parol contract a memorandum is read containing the terms thereof, which are assented to by the parties, such memorandum becomes a part of the transaction, and in an action on the contract is admissible in evidence as a part of the *res gestae.*

Appeal and Error—Trial—Evidence—Materiality.

4.   No complaint can be made of the exclusion of evidence, where there was no statement or showing to the court that the evidence was material, or what it would tend to prove if it were admitted.

From Clatsop: JAMES A. EAKIN, 'Judge.

In Banc.

The defendant is an Oregon corporation engaged in diking lands in the States of Washington and Oregon, with its principal office at Astoria.  The complaint alleges that about January 23, 1915, the defendant entered into a written contract with certain named individuals, wherein it covenanted and agreed to construct and complete a certain dike 702 rods long on Gray's River in Washington, within six months, at an agreed price of $8 per rod; that 181.21 rods of the dike ran over and across the land of Mary Westerlund, one of the contracting parties, the mother of the plaintiff; and that under the terms of that contract with the defendant she was required to pay $8 a rod for the construction of that portion of the dike. It is averred that immediately after the execution of the contract between those parties, the plaintiff entered into a contract with the defendant, wherein it was agreed:

"That in consideration that defendant would construct said dike over and across the said lands of said Mary Westerlund a distance of 181.21 rods, and would charge the said Mary Westerlund therefor only the sum of $2.50 per rod, and would release her from her written obligation to pay defendant the sum of $8 per rod, and change and alter said contract so

that said Mary Westerlund would not be required to pay to exceed the sum of $2.50 per rod for such dike, this plaintiff would clear the said entire right of way for the entire dike, which the defendant contracted and agreed to construct throughout its entire length, namely, 702 rods, for the sum of $2 per rod only, all of which terms the said defendant accepted and agreed upon, and thereupon, and pursuant to said contract, and not otherwise, this plaintiff, on or about said January 23, 1915, began the work of clearing said right of way, and cleared said right of way in accordance with his contract, and completed said work on the 26th day of July, 1915, at which date the said clearing was entirely completed throughout the said entire line of said dike, namely, 702 rods, fully in accordance with the terms of said contract entered into between plaintiff and defendant.''

The plaintiff says that by reason thereof there became due and owing to him from the defendant $1,400, no part of which has been paid.

As a second cause of action the plaintiff alleges that between July 26 and August 24, 1915, at the special instance and request of the defendant, he cleared a right of way upon which it desired to and did construct a dike over the land of one M. Sverdrup in Wahkiakum County, Washington, for a distance of 1,100 feet, by cutting and removing brush and stumps, and that his services were reasonably worth $906.75, no part of which has been paid. As to each cause of action it is alleged that the labor was performed in the State of Washington, and that under the laws of that state the plaintiff is entitled to recover interest from the date of the completion of his contracts.

The defendant admits its corporate character and the making of the contract of January 23, 1915, with the parties therein named, for the construction of the dike on Gray's River, but denies all other material allegations of the complaint in both causes of action.

As a further and separate answer it alleges that on January 23, 1915, the defendant "made a contract with said Mary Westerlund, and not this plaintiff, that it would allow said Mary Westerlund on her contract price the sum of $2 per rod for all lands cleared by said plaintiff," and that—

"Plaintiff promised and agreed to have a donkey engine in readiness to clear said land in advance of the work of defendant, and agreed to clear said land of all stumps, trees and other obstacles, and plaintiff agreed to perform said work and labor for said sum of $2 per rod and have the work and labor credited to and deducted from the contract price of Mary Westerlund of $8 per rod for completing said dike, and no other or different contract was made between plaintiff and defendant and said Mary Westerlund."

The defendant charges that the plaintiff failed to have the donkey engine ready at the agreed time, and neglected to clear the lands properly or to perform his agreement; that by reason thereof the defendant was delayed in the performance of its contract; and that at its own expense it was compelled to and did clear a large portion of the lands which were diked. It is then averred that under her contract Mary Westerlund was to have paid the defendant $500 when the dike was half completed, $500 when it was finished, and the balance within six months thereafter, but that she failed and neglected to pay any part thereof or otherwise comply with her contract; that the defendant was forced to file a lien upon her lands and bring suit to foreclose it; that upon the completion of the contract there was due and owing from Mary Westerlund $2,091.20; that pursuant to the contract pleaded in the answer a credit of $1,044 upon the lien against her was given to Mary Westerlund, as an allowance in full for all work performed

by the plaintiff in clearing land for the defendant at the agreed price of $2 a rod; and that "thereafter a settlement was had with said Mary Westerlund, by and with the knowledge of plaintiff, wherein and whereby defendant agreed to allow said Mary Westerlund and this plaintiff the further sum of $544.20 as a credit on said contract price for diking said lands, and said Mary Westerlund settled with defendant by paying it the sum of $500 in full settlement and satisfaction of all claims and demands by either party on both of said contracts." It is finally said that the plaintiff cleared only 522 rods of land; that the sum of $1,044 so credited was in full payment thereof, and that no other or further sum "is due either plaintiff or Mary Westerlund upon either or both of said contracts." The reply denied all of the new matter in the answer.

A trial was had, and the jury returned a verdict in favor of the plaintiff and against the defendant for $1,540, upon which judgment was entered. The defendant appeals.                                    AFFIRMED.

For appellant there was a brief submitted over the name of *Messrs. Norblad & Hesse.*

For respondent there was a brief prepared and submitted over the name of *Messrs. G. C. & A. C. Fulton.*

JOHNS, J.—The only errors assigned are based on the admission and ruling out of evidence, and that the complaint does not state facts sufficient to constitute a cause of action.

1, 2. When analyzed, the first cause of action is founded upon a contract between the plaintiff and the defendant, in which the plaintiff promised to

clear 702 rods of land for diking purposes at the agreed price of $2 per rod. He claims that he was induced to make that price by reason of the fact that the defendant modified its contract with his mother, Mrs. Westerlund, to the effect that she should pay only $2.50 per rod for the diking of her lands by the defendant, instead of $8, as provided in the original contract to which she and certain other land owners were parties. The defendant denies the making of any contract whatever with the plaintiff, and pleads that it made an agreement with Mrs. Westerlund to allow her $2 per rod on her contract price for all the land cleared by her son, the plaintiff; that it had settled with her, and that with the plaintiff's knowledge she had received credit in full on her contract for all of the clearing which had been done by him. The second cause of action is for the alleged value of services performed by the plaintiff for the defendant at its special instance and request, which the defendant denies. The pleadings are in the usual form and there is no merit in the defendant's contention that the complaint does not state sufficient facts.

3. It is admitted that after extended negotiations the defendant and the land owners entered into a written contract for the diking of their property, dated January 23, 1915, to which Mrs. Westerlund was a party. In this the land owners agreed to pay $8 per rod for the diking of their respective premises. It appears that the plaintiff and Frank Behnke as manager for the defendant met at the office of W. T. Eakin at Astoria, and that there was then prepared a writing between the defendant and Mrs. Westerlund, dated "this —— day of ——, 1914," wherein the defendant is known as the party of the first part and Mrs. Westerlund as the party of the second part, which was never signed by either party

and never witnessed, and of which the material provisions are as follows:

"That the party of the first part is to top off and complete the dike along the river front, abutting upon my farm on Gray's River, making it conform to the rest of the dike being built around my farm, for the consideration of $2.50 per rod for all old dike so improved; also the first party is to employ the son of said Mrs. Mary Westerlund to clear the right of way for the building of the dike for the entire dike this day agreed upon by and between said first party and said second party together with others, for diking certain lands on Gray's River, for and in consideration of $2 per rod for each rod so cleared. The second party hereto and her son, Maurice Westerlund, who is to clear said right of way, agree to the above conditions."

After the plaintiff had introduced testimony tending to show that this unsigned instrument had been ratified and approved, and that it was the basis and consideration of his alleged contract with the defendant, he offered the written memorandum in evidence as tending to prove the making of his contract with the defendant as alleged in his complaint. Objection was duly made to its introduction, but was overruled, and this is assigned as error. In *Humphrey* v. *The Chilcat Canning Co.*, 20 Or. 209, this court held that:

"Where at the time parties enter into a parol contract, a memorandum is read containing the terms thereof which are assented to by the parties except in two particulars, such memorandum becomes a part of the transaction, and in an action on the contract the same is competent evidence as a part of the *res gestae*, and may be considered by the jury for the purpose of assisting them to determine what the terms of the contract were."

Although this memorandum is dated "the —— day of ——, 1914," and the written contract bears date of January 23, 1915, yet the proof indicates that both of them were prepared by W. T. Eakin at or about the same time, and they both relate to the same subject matter. The plaintiff's evidence tends to show that both instruments were accepted and approved by the defendant at the time they were prepared, and that in consideration thereof he made his contract with the defendant to clear the land at the price of $2 per rod. Counsel for plaintiff then stated that the memorandum was not offered as "the finished contract of the parties, but as expressing the contract at the time, as a memorandum read over by the parties and consented to," or "for the purpose of showing that it was the contract, but it is part of the transaction, part of the *res gestae*." In the condition of the record, we must assume that it was received for such purpose only, and that the jury was properly instructed concerning it. The facts bring this case within the rule and reason of the above decision.

4. There were no objections to the charge or the refusal to give requested instructions, and the jury found for the plaintiff. There was evidence to support the verdict and we must assume that the jury was correctly instructed. The issues were clearly defined by the pleadings. The fact that the defendant had a dispute with Mrs. Westerlund over the amount of its claim against her, that it was forced to file a lien upon her property to secure the same, or that it afterwards settled with her would not be a defense to the plaintiff's cause of action. The plaintiff sought to recover upon an alleged contract, and as the jury found for him it must follow that there was such a contract. It does not appear that the testimony which was offered and refused would tend to

prove that no such contract was made.   Neither does it tend to show that the defendant entered into a contract with Mrs. Westerlund by which she would receive credit of $2 per rod on her diking contract, for all of the land which the plaintiff cleared.   Those are the issues made by the pleadings.   Moreover, there is no statement or showing to the court that the evidence which was refused was material, or what it would tend to prove if it were admitted.

Without going into the details of each assignment of error, after a careful reading of the record we do not find any prejudicial error in the ruling of the court in the admission or exclusion of evidence.

The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.