Argued April 15, reversed May 19, 1914.

## STATE v. McPHERSON.

(141 Pac. 1018.)

**Criminal Law—Appeal—Record—Questions Presented for Review.**

1. In the absence from the bill of exceptions of the affidavits in support of a motion for continuance on the ground of absence of witnesses, and showing the substance of the testimony that would have been given by the absent witnesses, the Supreme Court cannot say that the trial court abused its discretion in refusing the continuance.

**Criminal Law—Evidence—Admissions—Voluntary Character.**

2. If made voluntarily, both admissions and confessions are received against a defendant, though made while in the custody of an officer.

[As to admissions and confessions as evidence, see notes in 30 Am. Dec. 534; 46 Am. Rep. 253.]

**Criminal Law—Trial—Reception of Evidence—Objections.**

3. An objection to evidence of admissions by defendant that he was not informed of his rights is insufficient to raise the question whether they were made voluntarily.

[As to when confessions are sufficient to convict, see note in 65 Am. Dec. 676.]

Criminal Law—Evidence—Testimony at Former Trial.

4.  Section 727, L. O. L., subdivision 3, authorizing the admission of testimony of a witness deceased or out of the state or unable to testify, given in a former proceeding between the same parties relating to the same matter, does not authorize the admission in evidence of testimony at the former trial, certified by the reporter who took the testimony when the witness was on the stand, but not taken or certified by the official reporter, as provided by Section 932.

[As to when testimony of witness at a former trial is admissible, see note in 91 Am. St. Rep. 193.]

Larceny—Evidence—Admissibility.

5.  In a prosecution for larceny of a mare, testimony of a witness, over objections of defendant, that he lived near a pass through which people could travel from the place of larceny to the place where the mare was found; that while witness was at work on a mountain someone took from his residence a rifle; that he took the trail of some horses leading from there, and found where those in charge had camped overnight, and afterward followed to within about half a mile of some parties, one of whom was riding a sorrel horse with a light mane and tail, and another riding a bay horse, but that he did not recognize any of the parties as being any of the defendants, though he had been acquainted with defendant prior to that time, was inadmissible.

.From Crook: WILLIAM L. BRADSHAW, Judge.

The defendant, John M. McPherson, was indicted with Judd McPherson and Mace Newsham for larceny, and having demanded separate trials, upon conviction, defendant appeals.        REVERSED.

For appellant there was a brief with oral arguments by *Mr. W. P. Myers* and *Mr. Enoch B. Dufur.*

For the State there was a brief over the names of *Mr. Willard H. Wirtz,* District Attorney, *Mr. Wells A. Bell* and *Mr. William H. Wilson,* with an oral argument by *Mr. Wirtz.*

Department 1.   MR. JUSTICE BURNETT delivered the opinion of the court.

1. The defendant was indicted with others for the larceny of a mare.  The cause having been brought to issue on a separate trial of the defendant, he moved for a continuance of the case on the ground of the ab-

sence of witnesses, but the court overruled the same. These matters are in the discretion of the court, and in the absence from the bill of exceptions of the affidavits, if any, in support of the motion, and showing the substance of the testimony that would have been given by the absent witnesses, we cannot say that the court has abused its discretion.

2, 3. The defendant was arrested on the charge in the State of Nevada about 50 miles south of the line between that state and the State of Oregon. In his corral was found a mare which the prosecuting witness claims as his own. At the time of his arrest, while in the custody of the sheriff, the defendant made certain statements about where he had purchased the mare, and about the nature of the brand upon her. The state offered the testimony of the sheriff and his assistant in proof of these statements, and likewise testimony about the evidence given by the defendant at a former trial of the action, in which the jury failed to agree. It is claimed that the declarations of the defendant on the two occasions were contradictory of each other. None of them purported to have admitted the guilt of the defendant. At best they can only be considered admissions and not confessions. If made voluntarily, both admissions and confessions are received against the defendant, although made while in the custody of an officer. The only objection made to their reception in evidence in this case was that the defendant was not informed of his rights. The objection is insufficient to raise the question of whether or not they were made voluntarily.

4. It was admitted at the trial that a witness at the former trial was sick and unable to attend at the trial in question. Over the objection of the defendant that it was incompetent, irrelevant and immaterial, and for the other reason that the defendant is entitled to see his

witnesses face to face, counsel for the state was permitted to read to the jury what he styled "her testimony here certified by the reporter that took the testimony when she was on the stand." After the report of the testimony had been read to the jury the defendant moved to strike it out for the same reason, but the court denied the motion. It is proper to introduce "the testimony of a witness, deceased or out of the state, or unable to testify, given in a former action, suit or proceeding, or trial thereof, between the same parties, relating to the same matters": Section 727, L. O. L., subd. 3. It does not appear that the testimony was taken or certified by the official reporter as provided in Section 932, L. O. L. That section provides, in substance, that the report of the official reporter, when transcribed and certified to as being a correct transcript of the stenographic notes of the testimony, shall be *prima facie* a correct statement of such testimony, and may thereafter be read in evidence, like a deposition, once taken in an action, may afterward be read at any subsequent trial of the same action. For aught that appears, the reporter may have been some itinerant stenographer in the employ of private parties. Conceding without deciding that this section applies to the trial of criminal cases, the testimony, so far as the record discloses, was not properly authenticated to be admitted to the jury. The constitutional right of a defendant to meet the witnesses face to face is not to be circumscribed except in strict accordance with the law, and there is grave doubt whether this right is subserved by anything less than meeting the witnesses face to face in the very trial in which their testimony is used against him.

5. Another error complained of is the admission of the testimony of a witness who was allowed, over the objection of the defendant, to testify that he lived

near a pass in the mountains through which people could travel from Crook County, where the larceny was said to have taken place, to the State of Nevada; that while he was at work on a mountain someone took from his residence a rifle, which he missed when he returned from work; that he took up the trail of some horses leading from there, and found where those in charge of them had camped overnight, and afterward followed along for several miles, when he came within about half a mile of some parties, one of whom was riding a sorrel horse with light mane and tail, and another riding a bay horse as near as he could tell; that he did not recognize any of the parties as being any of the defendants in the case, although he had been acquainted with the defendant on trial prior to that time. The people the witness described were not shown to have been in the custody of the mare in question. The defendant moved to strike out the testimony and withdraw it from the jury because it was "incompetent, irrelevant and immaterial, and for the further reason that there is nothing in the testimony to show that the defendant was there or participated in any way, or was identified in any manner as being one of the parties," but the motion was denied. Some witnesses afterward testified that the defendant was the owner of a saddle horse much prized by him, and described by some as cream colored and by others as buckskin colored; but none of them imputed to him the possession or ownership of a sorrel horse. The testimony of the witness that he had missed a rifle was wholly foreign to the issue in the case, as well as his other testimony about seeing some strangers, whom he could not identify, traveling on a route from Oregon to Nevada as stated. Guilt cannot be imputed to the owner of a buckskin colored horse because the unknown rider of a sorrel horse was seen journeying in the

direction of the state in which the stolen mare was afterward found, especially when that animal was not in the possession of the traveler.

Other mistakes are predicated upon the action of counsel for the prosecution in addressing the jury, and in the court's refusal to grant a new trial; but it is not deemed necessary to advert to them, for they may be obviated on a new trial.

For the reasons above stated, the judgment of the Circuit Court is reversed.                    REVERSED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.