Argued October 4, affirmed October 20, 1965

## STATE OF OREGON v. RANDOLPH

406 P. 2d 791

*John Toran,* Portland, argued the cause for appellant. On the brief was Mayfield K. Webb, Portland.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney and Jacob B. Tanzer, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

SLOAN, J.

Defendant was convicted in the Portland Municipal Court of driving without an operator's license. He appealed to the circuit court where he was again convicted. He now appeals to this court. He claims he made a confession prior to being informed of his *Escobedo* and *Neely* rights.[1] The claimed confession was made to a police officer at the scene of an accident involving defendant's car.

Defendant's car had been driven into a parked car. The officer, who had been dispatched to the scene, questioned defendant as to who had been driving the car at the time of the accident. At first defendant denied that he had been the driver but later admitted that he had been. Defendant's driver's license had been suspended so the officer issued a ticket charging defendant with driving a car without an operator's license. It is now claimed that defendant's statement to the officer that he had been driving was a confession within the *Neely* rule and should not have been admitted at the trial.

It is acknowledged that there was no coercion, promises or threats which prompted the statement. The only claim is that defendant should have been told of the right to counsel and right to remain silent before the questions were asked.

It is obvious from the statement of facts that the *Neely-Escobedo* decisions have nothing to do with this case at all. They proscribe interrogation of a focal suspect for the purpose of obtaining a confession. In this instance the officer at the scene of a traffic acci-

---

[1] Escobedo v. State of Illinois, 1964, 378 US 478, 84 S Ct 1758, 12 L Ed2d 977.

State v. Neely, 1965, 239 Or 487, 395 P2d 557, 398 P2d 482.

dent was trying to ascertain facts. The questions asked were purely investigatory. See *State v. Shannon,* 241 Or 450, 405 P2d 837.

Affirmed.