Argued July 12, affirmed December 15, 1965

## STATE OF OREGON *v.* WILLIAMS

408 P. 2d 936

*William C. Grant,* Portland, argued the cause and filed briefs for appellant.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Charles J. Merten, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, HOLMAN and LUSK, Justices.

McALLISTER, C. J.

The defendant appeals from an enhanced penalty imposed pursuant to our habitual criminal statutes. ORS 168.015 to 168.085. He contends (1) that the purported prior convictions were not proved, and (2) if proved, were not offenses which would have been felonies if committed in Oregon.

The defendant was convicted, on his plea of guilty, of the principal offense of obtaining money by false pretenses, and on January 23, 1964 was sentenced to a term in the penitentiary not exceeding 14 months. Thereafter, on February 11, 1964, the district attorney filed an information charging that the defendant had four former convictions of a felony, and asking the court to impose an enhanced penalty pursuant to the applicable statutes. The defendant denied the allegations in the information, and on May 11, 1964 a hearing was held before the court at which defendant was present and represented by counsel. The court found that the defendant had four former convictions of a felony, vacated the original sentence and imposed a sentence of imprisonment in the penitentiary for a term not exceeding ten years. The defendant does not challenge his conviction of the principal offense, but appeals from the enhanced penalty.

Neither of defendant's two assignments of error complies with the rules of this court. Our Rule 19 requires that in actions at law the assignments of error must be specific, and must set out verbatim the portions of the record embracing the alleged errors. If the assignment involves the admission of evidence,

there must be set out verbatim the question asked, the objection made, the answer given, if any, and the offer of proof, if any. The rule was designed to conserve the time of this court and to make it unnecessary for us to search the record for the proceedings complained of.

Defendant's first assignment of error alleges in the broadest of terms that the trial court was wrong in finding that an enhanced penalty should be imposed in this case. Under this assignment of error the defendant contends that most of the documents offered by the state to prove the former convictions of felony were not properly authenticated.

An examination of the record reveals why our rules were not complied with. The objections now made to the competency of the proof of prior convictions were not made in the court below. The experienced counsel who represented defendant at the enhanced penalty hearing made some objections to the documents offered by the state, but those objections have been abandoned on appeal, and objections on different grounds made for the first time in this court. If the objections now made to evidence had been urged in the trial court, the state might have remedied the deficiencies, if any, in the authentication of the documents now objected to.

Defendant's second assignment of error contends also in broad terms that the alleged former convictions were of offenses which would not have been felonies if committed in Oregon. The evidence offered to prove the former convictions was not challenged on this ground in the trial court.

■■ On oral argument in this court counsel for defendant conceded that none of the questions raised in

defendant's brief were raised in the trial court. As we reiterated recently in *State v. Abel,* 241 Or 465, 406 P2d 902, 903 (1965), "it is still the rule in this state in criminal as in civil cases that 'a question not raised and preserved in the trial court will not be considered on appeal:' *State v. Braley,* 224 Or 1, 9, 355 P2d 467, 471." If there was any error in the court below it was not "manifest", but only technical. Under the circumstances we refuse to consider the contentions urged by the defendant for the first time in this court, and affirm the judgment of the trial court.