Argued November 30, affirmed December 22, 1965

# STATE OF OREGON *v.* DAYTON

409 P. 2d 189

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*George M. Joseph,* Assistant District Attorney, Portland, argued the cause for respondent. On the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Denecke, Holman and Lusk, Justices.

HOLMAN, J.

Defendant was convicted of the crime of first degree murder. She was charged with killing her husband by running him down with her automobile. The evidence justified a finding that the defendant and her husband had been drinking in their tavern and had engaged in an argument. She left the tavern, secured her automobile, and ran over him as he walked down the sidewalk after he emerged from the tavern.

Defendant's first assignment of error is based upon

the court's admission of the testimony of two police officers as to statements she made to them about twenty minutes after the occurrence in question. The two officers were on patrol when they received a radio report of a hit-and-run accident. They drove to the location given in the report, saw another police car was already there and therefore did not stop. Instead, they cruised the neighborhood looking for a vehicle described in the report. After some searching they came upon a vehicle which fitted the description. It was parked about six or seven blocks from where the victim was found. They had alighted from their patrol car and had commenced to inspect the vehicle when the defendant came from an adjacent house. At this time their inspection had detected no damage to the vehicle but they had noticed some marks on the hood where dust or dirt had been disturbed. In response to questions by officers defendant told them that it was her car and that twenty minutes earlier she had driven it from the tavern in question to where it was parked.

Defendant claims the purpose of this questioning was to elicit a confession from her, that at the time she was the focus of an accusatory investigation, that she was not warned of her rights to counsel or to remain silent and therefore did not waive them. As a result, she says she was deprived of her constitutional rights at the time of the interrogation. *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed 2d 977 (1964); *State v. Neely,* 239 Or 487, 395 P2d 557, 398 P2d 482 (1965).

■ At the time of the questioning the officers did not know if the vehicle they had discovered was the one for which they were searching or if the defendant was its driver. After the conversation with her they still

did not know if it was the right vehicle. They had a right to be highly suspicious. At the time of the questioning defendant was not in custody and answered the questions voluntarily. This is a far cry from the facts in *Escobedo*. The *Escobedo* rule was not meant to nor does it prevent routine investigation by police. The questioning was investigatory and not accusatory. It was a general inquiry into an unsolved crime. *State v. Shannon*, 241 Or 450, 405 P2d 837 (1965). No error was committed in admitting testimony of the conversation.

In addition, defendant's counsel made no objection to the introduction of the testimony and correctly expressed agreement with the court's admission of it.

Defendant's second claim of error relates to the court's admission of the testimony of a police detective who questioned her while she was in custody after she had been returned to the scene of the crime and to whom she made incriminating statements. She complains that at the time of its admission the court had made no determination that she had been advised of her right to counsel. There was a conflict in the evidence as to whether she was so advised. She testified she was not. However, one of the investigating officers who had known the defendant for five or six years testified as follows:

"* * * I said, 'you don't have to tell us anything. However, whatever you do tell us can be used. However, if you don't wish to talk to us, you don't, but it will make our job much easier if you do tell us what you know about the incident that did take place, and if you need an attorney, you may have an attorney at any time you ask for one.' And I said, 'Get a good attorney, Helen,' and that was the gist of the conversation.

\* \* \*

"I said, 'Helen, this is Detective Terleski. I have known him over a long period of time. He is very fair and he is not unreasonable.' I said, 'You tell him and answer his questions to the best of your ability that he should ask you. It will make our job that much easier. We will be able to clear this thing up that much faster.' I says, 'However, if you don't feel like answering any of the questions he asks, you don't have to.'"

The detective who questioned her testified as follows:

"A Oh, Officer Baughman was acquainted with her from before and he explained to her she didn't have to say anything, that she just didn't—she could be silent if she wished, and she had asked me later if she could have an attorney, and I told her if she felt she needed one, she could have one at any time."

The above testimony was given at the *in camera* hearing before the court. In testimony before the jury the detective testified as follows:

"A Oh, first, when I first started talking to her, she didn't know her husband was dead, and I began to ask her some questions, and she said that—she asked if she had a right to an attorney before she answered any questions, or could get an attorney if she wanted to. I told her she did, if she wanted to, she could get an attorney before she talked or answered any questions. * * *"

■ Where there is a conflict in the testimony as to whether the defendant was informed of her rights to remain silent and to counsel and an objection is made to the introduction by the state of the admissions made during interrogation, and where the trial court admits such evidence, this is, in effect, a finding by the court that the defendant was informed of her

rights prior to questioning and that she waived such rights. *State v. Sallee,* 241 Or 244, 405 P2d 501 (1965); *State v. Ervin,* 241 Or 475, 406 P2d 901 (1965).

Defendant also claims that if she was warned, it was not an effective warning and therefore could not be a basis for treating her answers as a waiver of her right to remain silent and to counsel. She argues that at the time of the warnings she was under the effect of alcohol, that she was emotionally upset, that the form of advice was calculated to induce her to make incriminating statements, that it came from a partisan police officer rather than an independent source and that all of this destroyed the effectiveness of the advice.

The evidence was in conflict as to whether her condition and the manner in which the warnings were given were such as to make the warning effective. The police officer who had previously known defendant testified her condition was such that she understood him. There being evidence sufficient to justify a finding that the warnings were effective, the court's admission of the evidence was tantamount to a finding of effectiveness. We see no reason to disagree.

Defendant's last claim of error was the court's admission of testimony of a deputy district attorney as to statements made in his presence by defendant during her telephone conversations with third parties. Defendant was taken from the scene of the crime to the police station and the deputy district attorney was called by the police to question her. He testified he warned her of her right to counsel and to remain silent. Defendant then indicated her desire for counsel and was permitted to use the telephone in the presence of the deputy district attorney. During her conversa-

tions with friends and a lawyer she made statements that were damaging to her.

██ There was no objection made to the testimony in question. This case was tried after *Escobedo v. Illinois,* supra, and after the original opinion but before the opinion on rehearing in *State v. Neely,* supra. All counsel were aware of the decisions in these cases. A question not raised and preserved in the trial court will not be considered on appeal. *State v. Braley,* 224 Or 1, 9, 355 P2d 467 (1960); *State v. Abel,* 241 Or 465, 406 P2d 902 (1965); and *State v. Williams* 242 Or 192, 408 P2d 936 (1965). This rule has, upon occasion, been relaxed but only where the court can say the error was manifest and that the ends of justice would not otherwise be satisfied. *State v. Braley,* supra; *State v. Avent,* 209 Or 181, 183, 302 P2d 549 (1956). This, in our opinion, is not such a case.

█ It is now urged that it would have been frivolous for defendant's counsel to have objected because the court had previously ruled that the testimony of the police officers concerning her admissions was admissible and that she had been adequately advised of her rights. The admissions and the circumstances under which they were made were different in each instance. Defendant is not relieved from the necessity of objecting because of adverse rulings under other situations.

The judgment of conviction in the trial court is affirmed.