Argued February 1, reversed and remanded February 16, 1966

# STATE OF OREGON *v.* CRAWLEY

410 P. 2d 1012

*Julian Herndon, Jr.,* Portland, argued the cause and filed the brief for appellant.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Harold J. Blank, Deputy District Attorney, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

HOLMAN, J.

Defendant was convicted of the crime of larceny of an automobile and has appealed. Most of the grounds of appeal revolve around the admission in evidence of statements made prior to trial by the owner of the automobile. The owner was deceased at the time of trial.

A preliminary hearing was held at the request of defendant. Defendant was represented by the same counsel who represented him at trial. During this preliminary hearing the owner of the automobile testified that she parked her vehicle in front of her bail bond office at Second and Oak Streets in the city of Portland, left her keys in the car, went into her office for a moment or two and then looked up and saw her vehicle being operated down the street. She described the operator of the vehicle. She further testified that she did not know him and that he had no permission to use the car. Finally, she testified she saw a police officer on the corner whom she immediately told that her car had been stolen.

Because of the owner's death between the preliminary hearing and the trial, the Deputy District Attorney who conducted the examination of the owner at the preliminary hearing was permitted, over objection, to relate the owner's testimony given at the preliminary hearing. It is defendant's contention that the admission of this testimony violated the rule against the admission of hearsay testimony; the provisions of Article I, Section 11, Oregon Constitution, and the Sixth Amendment to the Constitution of the United States, which provide that an accused shall have the right to face witnesses against him; and ORS 136.530, which requires that testimony in a criminal

action shall be given orally in the presence of the court and jury.

Defendant's contention is not well taken. ORS 41.900 provides as follows:

"Evidence may be given of the following facts:
"* * * * *

"(8) The testimony of a witness, deceased, or out of the state, or unable to testify, given in a former action, suit, or proceeding, or trial thereof, between the same parties, relating to the same matter."

1, 2. The principal basis for excluding hearsay is that no opportunity is afforded to confront the witness and cross examine him. *State Highway Comm'n v. Fisch-Or, Inc.,* 241 Or 412, 406 P2d 539 (1965). The above statutory provision recognizes that when this opportunity is afforded at the time the testimony was originally given and when the same issues are involved there is no rational basis for excluding evidence of the statements because they are hearsay. Trustworthiness of the statements has already been insured by the opportunity to confront and cross examine. The point involved here is covered by the case of *State v. Meyers,* 59 Or 537, 117 P 818 (1911). It recognizes the provisions of ORS 41.900 (8); Article I, Section 11, Oregon Constitution; the Sixth Amendment to the Constitution of the United States; and ORS 136.530. This court there said, at page 541-542, as follows:

"The Constitution of Oregon (Article I, Section 11) provides that in all criminal prosecutions the accused shall have the right to meet the witnesses face to face, and the constitutions of most of the states, as well as the Constitution of the United States, contain similar provisions. It is held, however, that, where the accused has once enjoyed the right to cross-examine and confront the witness

at an earlier trial, his constitutional right to meet him face to face is not violated by the admission of the testimony of such witness when absent at a subsequent trial. If the defendant is represented by counsel at a preliminary examination, and has had an opportunity to cross-examine witnesses, he has enjoyed his right to meet his accuser face to face, and no objection exists to receiving the testimony. * * *"

Also see *State v. Bowker*, 26 Or 309, 313, 38 P 124 (1894); *State v. Walton*, 53 Or 557, 562-563, 566, 570, 99 P 431, 101 P 389, 102 P 173 (1909); *State v. Von Klein*, 71 Or 159, 169, 142 P 549 (1914); *State v. Edmunson*, 120 Or 297, 300, 249 P 1098 (1926). The only factual difference in *Meyers* was that the testimony was given at a prior trial rather than a preliminary hearing. That difference, in our opinion, is not important when defendant has been afforded the opportunity at such a hearing to confront and cross examine the witness.

3. The fact that there was no court reporter at the preliminary hearing and that the testimony given was the recollection of a participant in the proceeding would make no constitutional difference. In *King v. State Indus. Acc. Comm'n*, 211 Or 40, 66, 309 P2d 159, 315 P2d 148 (1957), the court said as follows:

"* * * The admissibility in the later trial is not dependent upon whether or not a reporter, official or otherwise, attended the former proceeding. McCormick on Evidence, § 237; 31 CJS, Evidence, § 401, p 1208; 20 Am Jur, Evidence, § 710, p 595. * * *"

Defendant relies upon *State v. McPherson*, 70 Or 371, 141 P 1018 (1914). In that case the evidence in the prior proceeding was read from what purported to

be a transcript of that proceeding. There was no showing that the testimony was taken or certified by the official reporter nor did any one else testify in court under oath it was correct. The court held that it was error to have admitted the evidence because it was not certified as required by what is now ORS 8.360 (1). The case is clearly distinguishable because there no one vouched for the correctness of the transcript, neither the witness who was reading the testimony nor the official reporter as required by statute.

Defendant contends error was committed in allowing a police officer to testify as to certain statements made to him by the owner of the vehicle. The officer was waiting for his wife at the curb when the owner rushed out of her office upon seeing her automobile being driven down the street. His testimony, which defendant says is objectionable, was as follows:

"Q What is the next thing that happened?

"A Mrs. Berry shortly after that came out and—

"Q What condition was she in when she came out?

"A She was very pale, acting very nervous. I says, 'What is the matter?' She said—

"Mr. Pihl: Your Honor, I would object to any conversation that Mrs. Berry and this witness may have had on the ground that such conversation would be hearsay.

"The Court: Another exception to that. I am going to overrule the objection. You can testify.

"Q (By Mr. Blank): What did she say, if anything?

"A She said, 'Someone just stole my car.'

"Q What happened then?

"A I said, 'Give me your driver's license and I'll run over to the station and report it.' She says, 'I don't have it.' "

■ The statement of the witness was admissible as a spontaneous utterance made in response to a startling event and as such falls within a well-recognized exception to the rule against the admissibility of hearsay testimony. The matter is well covered in the case of *State v. Hutchinson,* 222 Or 533, 537, 353 P2d 1047 (1960), in which the court said as follows:

> "There may occur suddenly in the presence of one who becomes its victim a startling event which draws from the individual a spontaneous declaration before he has had time for reflection or opportunity to contrive a statement which will serve his interest. * * * Being spontaneous in nature, the declaration is free from the elements of design, contrivance and self-service which at times color testimony given from the witness stand. * * *"

Also, see 6 Wigmore, Evidence §§ 1747, 1762 (3d ed 1940).

■ The fact that the statement was made in response to a question by the police officer does not necessarily make the statement any less spontaneous. *People v. Costa,* 40 Cal 2d 160, 168, 252 P2d 1 (1953); *Robbins v. Greene,* 43 Wash 2d 315, 321, 261 P2d 83 (1953); *Commonwealth v. Harris,* 351 Pa 325, 336-337, 41 A2d 688 (1945). The true test is: "was the declaration spontaneous, excited, or impulsive, or was it the product of reflection and deliberation?" McCormick, Evidence § 272, at 580 (1954).

Defendant's next claim of error is that testimony was admitted of a statement made by him to an officer at the police station while he was in custody and before he was warned of his right to remain silent and to be represented by counsel as required by *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed 2d

977 (1964), as interpreted by this court in *State v. Neely,* 239 Or 487, 395 P2d 557, 398 P2d 482 (1965). The officer was the same one who had observed the car being driven away from in front of the owner's office. He worked at the booking desk at the police station and was on duty when, two days later, defendant was brought in after his arrest while in possession of the vehicle. When defendant was brought to the desk for booking, the officer exclaimed, "You're the one that stole Mrs. Berry's car." to which the defendant replied, "I didn't steal it. I borrowed it."

It is obvious that the exclamation was neither an investigation to obtain information nor an interrogation designed to elicit a confession. This was demonstrated by the following exchange between the witness and defendant's counsel on cross examination.

"Q You said to him, 'You stole Mrs. Berry's car.' He said, 'I did not steal it, I borrowed it.'
"A That's exactly right.

"Q Those were the first words you spoke to him as you looked up from your typing position?
"A No, that's—I had already left the typewriter and walked up to the booking desk.

"Q In other words, this was a very short period of time?
"A Right.

"Q So I take it your statement was more or less of an exclamation, would that be correct?
"A I would say so.

"Q Was his response immediate?
"A Almost spontaneous, yes."

■ Since the officer's exclamatory statement was not an investigation designed to obtain information— much less to elicit a confession—it did not fall within the prohibition of *Neely. State v. Shannon,* 241 Or

450, 405 P2d 837 (1965); *State v. Randolph,* 241 Or 479, 406 P2d 791 (1965); *State v. Dayton,* 242 Or 269, 409 P2d 189 (1965). It was not error to admit the testimony.

■ Defendant's next assignment of error relates to the testimony of another police officer and a stolen car report signed by the owner. The officer was allowed to testify, over proper objection, that the owner came to the police station and reported to him that her car had been stolen and that she signed a formal written report prepared by him from information given by her. The written report was also received in evidence.

The evidence was obvious hearsay because it was used to prove the truth of a non-judicial declaration. It was not admissible by virtue of any recognized exception to the hearsay rule. *Olender v. United States,* 210 F2d 795, 801-802, 42 ALR2d 736 (9th Cir 1954). There were no circumstances surrounding the making of the report which constituted any guarantee of trustworthiness. It was error to have admitted both the statements of the officer and the stolen car report.

Defendant did not deny he had possession of the vehicle, but claimed he had borrowed it from a third party and had not stolen it. As a result, the principal issue was whether the car was stolen. The purpose of the inadmissible evidence was to prove the owner's car had been stolen and that its use by defendant was unauthorized. Even though, as has already been demonstrated, there was ample properly admissible evidence in the record covering this same point, we cannot say the cumulative effect of the admission of the testimony and report was not prejudicial on this vital issue.

The judgment of conviction is therefore reversed and the case is remanded for a new trial.