Argued March 21, affirmed May 16, 1977

STATE OF OREGON, *Respondent,*
*v.*
RONALD OLIN CLARIDY, *Appellant.*
(No. 76-249-C, CA 7143)

563 P2d 1239

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Defendant appeals from his jury conviction of "robbery in the third degree" (ORS 164.395). He assigns as error both the admission into evidence of testimony elicited at the preliminary hearing from a witness who was unavailable at the time of trial, and the refusal of the court to declare a mistrial when, after some five-and-one-half hours of deliberation, the jury indicated that it was at an apparent deadlock.

■ Although ORS 41.900(8)[1] authorizing the admission into evidence of testimony obtained at a preliminary hearing where the witness is unavailable at the time of trial and was subjected to cross-examination by defense counsel at the earlier proceeding, has previously been held to be constitutionally sound,[2] defendant contends that the use of the prior testimony in this case was nonetheless improper due to the fact that his cross-examination of the witness was substantially limited, and thus rendered ineffective, by both the conditions under which it occurred and the unavailability of crucial information—i.e., the witness' criminal record.

The testimony in question was obtained from the robbery victim while he was still hospitalized and recovering from a stab wound inflicted in the course of the robbery. Contrary to defendant's contentions, however, the record indicates that the cross-examination of the witness conducted by attorneys representing

---

[1] "Evidence may be given of the following facts:

"* * * * *

"(8) The testimony of a witness, deceased, or out of the state, or unable to testify, given in a former action, suit, or proceeding, or trial thereof, between the same parties, relating to the same matter." ORS 41.900(8).

[2] *State v. Rawls,* 252 Or 556, 451 P2d 127 (1969); *State v. Crawley,* 242 Or 601, 410 P2d 1012 (1960); *State v. Meyers,* 59 Or 537, 117 P 818 (1911). *Cf.,* State v. Bryant, 20 Or App 562, 532 P2d 815, Sup Ct *review denied* (1975). *See also California v. Green,* 399 US 149, 165-67, 90 S Ct 1930, 26 L Ed 2d 489 (1970); *Pointer v. Texas,* 380 US 400, 407, 85 S Ct 1065, 13 L Ed 2d 923 (1965).

both defendant and a codefendant was neither handicapped nor abbreviated in any material way by his physical condition. After defendant's counsel had completed his cross-examination and before counsel for the codefendant began his separate examination he noted that the witness appeared to be somewhat uncomfortable and asked if he should proceed. The witness indicated that he would try to continue; he was then instructed that if at any time he wished to stop the proceedings he was to so state. No such request was made prior to the completion of the subsequent cross-examination. While defendant's attorney testified that he had limited the scope of his cross-examination in deference to what he perceived to be the physical discomfort of the witness, at no point did he more specifically indicate in what respect or to what extent his questioning would have been different had the circumstances been other than they were. Defendant has, in fact, failed to demonstrate in any way that his opportunity to cross-examine the witness was materially limited by the witness' physical condition.

Immediately prior to defendant's trial the state discovered for the first time that the victim—the missing witness—had previously been convicted of robbery in the first degree and was being sought as a parole violator by the State of California. Defendant argues that as a consequence of the unavailability of this information at the time of the preliminary hearing his cross-examination was necessarily ineffective "since information of the prior conviction may have had a significant impact on the jury's verdict." The fact is, however, that the jury *was* informed of not only the witness' prior conviction in California but also additional prior convictions in Arkansas and Texas[3] as well as his status as a fugitive. That information was

---

[3] In the course of his cross-examination of the witness defendant's attorney had, in fact, elicited an admission that the witness had previously been convicted of embezzlement in the state of Arkansas.

presented to the jury by the state in the course of laying a foundation for the submission into evidence of the victim's prior testimony. Under these circumstances any prejudice to the defendant which might have resulted from the unavailability of the witness' criminal record at the time he was actually cross-examined is not apparent. Represented by counsel and provided with an adequate opportunity to cross-examine the witness, the admission of the prior testimony neither deprived defendant of due process nor denied him the right to "meet the [witness] face to face." Or Const, Art I, § 11.

After approximately five-and-one-half hours of deliberation the jury in the case at hand informed the court, without revealing how it was aligned, that it had apparently reached a stalemate. The jury was at that time asked by the court whether any progress had been made towards a verdict in the last two hours of deliberation. The jury foreman responded that some progress had in fact been made during that period. The court then inquired as to whether any advances had occurred in the preceding hour of discussion, and was informed by the foreman that some developments had taken place in that interval. In effect the jury was simply requested, over defendant's objections, to continue its deliberations until it was convinced "it would be pointless to go on."

■■ A trial court is not required to declare a mistrial at a jury's first indication that it cannot agree upon a verdict but may make a fair attempt at encouraging agreement. The foreman's responses to the court's initial inquiries indicated that the jury had been at an apparent impasse for something less than an hour after deliberating for approximately five-and-one-half hours, not an inordinately long period following a trial of two-and-one-half days' duration. Although the jury foreman expressed doubt that further deliberation would be fruitful, under the circumstances—i.e., the relatively short period between the jury's arrival at an apparent deadlock and its appearance before the

judge—we believe the court reasonably concluded that additional discussion ought to have taken place before a mistrial was declared. The simple request by the court that the jury continue its deliberations was, therefore, neither inappropriate nor coercive. The action of the court amounted to nothing more than a request for further deliberation in good conscience. At no point did the court suggest either explicitly or implicitly that the jury was obligated to return a verdict;[4] on the contrary the implication of those comments made to the jury was that if further discussion proved to be futile it would be relieved of the responsibility for returning a verdict.

Affirmed.

---

[4] In *State v. Marsh,* 260 Or 416, 490 P2d 491 (1971), *cert denied* 406 US 974 (1972), the Supreme Court specifically disapproved the use of supplemental instructions characterized by an emphasis on a jury's duty to decide a case if it can possibly do so, the expenses to be incurred by the parties and the public if a retrial is to be required, or a specific directive to those members of a jury holding a minority view to reconsider the reasonableness of their position. While arguing that the refusal of the court to declare a mistrial was inherently coercive defendant concedes that no "supplemental instruction" of any kind was given in this case.