Argued and submitted September 23, affirmed October 28, reconsideration denied December 4, petition for review denied December 22, 1987 (304 Or 548)

# STATE OF OREGON,
*Respondent,*

*v.*

# BOBBY G. MONTGOMERY,
*Appellant.*

## (86-0776; CA A43036)

744 P2d 592

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals his conviction for robbery in the first degree. ORS 164.415. He contends that the trial court erred in admitting in evidence the testimony given in a preliminary hearing by a witness who was absent from the trial. We affirm.

Janie Hoag witnessed the assault and robbery of the victim in this case. She testified at the preliminary hearing and identified defendant as the assailant. She did not appear at trial, but her preliminary hearing testimony was admitted under OEC 804(3)(a). Defendant contends that that was error, because the requirements of OEC 804(3)(a) were not met and because the admission of the evidence violated his state and federal rights to confront the witness.[1]

■■ OEC 804(3)(a) provides that certain evidence is not excluded as hearsay under OEC 802:

"If the declarant is unavailable as a witness:

"(a) Testimony given as a witness at another hearing of the same or different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered * * * had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination."

A declarant is "unavailable" under that rule if she

"[i]s absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance * * * by process or other reasonable means." OEC 804(1)(e).

Before a witness may be considered unavailable to testify, the state is required to make a good faith effort to locate her and

---

[1] Article I, section 11, of the Oregon Constitution provides, in relevant part:

"In all criminal prosecutions, the accused shall have the right * * * to meet witnesses face to face * * *."

The Sixth Amendment to the U.S. Constitution provides, in relevant part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *."

The federal right of confrontation applies in state trials as part of due process under the Fourteenth Amendment. *Pointer v. Texas*, 380 US 400, 403, 85 S Ct 1065, 13 L Ed 2d 923 (1965).

secure her attendance at trial. *Ohio v. Roberts,* 448 US 56, 74, 100 S Ct 2531, 65 L Ed 2d 597 (1980); *State v. Smyth,* 286 Or 293, 301, 593 P2d 1166 (1979). We have stated that "[t]he degree of effort which constitutes due diligence in attempting to secure an unavailable witness depends upon the particular circumstances presented by each case." *State v. Anderson,* 42 Or App 29, 32, 599 P2d 1225, *rev den* 288 Or 1 (1979). Here, the trial court found, and we agree, that the state made a good faith effort to find Hoag and to secure her attendance at trial.

Hoag, defendant's sister, testified at the preliminary hearing that she is afraid of defendant, and the tape recording of her testimony reveals her reluctance to testify against him. Three weeks before trial, the District Attorney issued a "special request" to the Lincoln City Police Department to serve a subpoena on Hoag.[2] The police made repeated attempts to serve the subpoena. They tried to find Hoag by checking her previous addresses, contacting persons with whom she had lived, requesting all patrol officers to report any information on her whereabouts and having the state police communicate with her parents. Two days before the trial, a teletype was issued to all Oregon law enforcement agencies requesting information on her whereabouts, and inquiries were addressed to the National Criminal Investigation Center, a national computerized information network. The only information which those efforts produced was that some of the persons contacted thought that Hoag was probably in Washington and one surmised that she might be in the Yakima area. The search was conducted right up to the time when the trial began. On this record, the state has demonstrated that it used due diligence in attempting to obtain Hoag's attendance at trial, and that she was "unavailable" within the meaning of OEC 804.

Defendant also contends that he did not have a "similar motive to develop the testimony" at the preliminary hearing that he had at trial. That contention lacks merit. The issues in the preliminary hearing were whether there was probable cause to believe that a crime had been committed and that defendant had committed it. ORS 135.175; ORS 135.185. Hoag's testimony was primarily relevant to the issue

---

[2] The record indicates that it is not a normal practice for that police department to serve trial subpoenas.

of the identity of the assailant, and defense counsel cross-examined her at length, testing her memory, demonstrating her degree of intoxication and testing the consistency of her story. Defendant's "motive" in developing the testimony at the preliminary hearing was similar to that at trial.

■     Defendant next contends that the cross-examination afforded at the preliminary hearing cannot serve as a substitute for the cross-examination at trial guaranteed by the Confrontation Clauses. We disagree.

In *State v. Crawley,* 242 Or 601, 410 P2d 1012 (1966), the court held that the admission of preliminary hearing testimony of a witness who had died before trial did not violate the defendant's rights under Article I, section 11, because the "defendant ha[d] been afforded the opportunity at [the] hearing to confront and cross-examine the witness." 242 Or at 605. The United States Supreme Court has similarly held that the admission in evidence of the preliminary hearing testimony of a witness unavailable at trial does not infringe on a defendant's Sixth Amendment rights when " 'there was an adequate opportunity to cross-examine [the witness], and counsel * * * availed himself of that opportunity * * *.' " *Ohio v. Roberts, supra,* 448 US at 73, *quoting Mancusi v. Stubbs,* 408 US 204, 216, 92 S Ct 2308, 33 L Ed 2d 293 (1972); *see California v. Green,* 399 US 149, 165, 90 S Ct 1930, 26 L Ed 2d 489 (1970). Here, defendant not only had the *opportunity* to cross-examine Hoag at the preliminary hearing, but *in fact* his counsel vigorously cross-examined her concerning the substance of her testimony. Under those circumstances, defendant's right to confrontation was not violated.[3]

■     Defendant alternatively contends that the trial court erred in failing to exclude certain parts of Hoag's prior testimony, because it was hearsay and was irrelevant. We again disagree. In *State v. Crawley, supra,* the court stated that

"when [the] opportunity [to confront and cross-examine a witness] is afforded at the time the testimony was originally given and when the same issues are involved there is no rational basis for excluding evidence of the statements because they are hearsay. Trustworthiness of the statements

---

[3] Defendant's other contentions concerning the admission of Hoag's testimony do not require discussion.

had already been insured by the opportunity to confront and cross-examine." 242 Or at 604.

The United States Supreme Court has reached the same conclusion in *Ohio v. Roberts, supra,* 448 US at 73. Defendant availed himself of the opportunity to confront and cross-examine Hoag at the preliminary hearing. It was not error to admit any hearsay or irrelevant material contained in testimony given in the preliminary hearing and to which no objection was made at the time.

Affirmed.