No. 127          February 22, 2024          153

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DWAYNE EDWARD ABRAHAM,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CV45037; A177448

Patricia A. Sullivan, Judge.

Submitted January 30, 2024.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied his petition for post-conviction relief. In his sole assignment of error, he claims that the post-conviction court erred when it denied relief on his claim that counsel provided inadequate and ineffective assistance of counsel under both the Oregon and United States Constitutions when counsel failed to challenge the admissibility of recorded testimony from a prior trial on the basis that it was not reliable. For the reasons below, we affirm.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, these standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487 (2014).

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id*.

Petitioner's claim fails because he failed to show that there was any basis for counsel to challenge the witness's prior testimony as unreliable. "Neither the state nor federal constitution requires counsel to advance a futile objection." *Davis v. Kelly*, 303 Or App 253, 267, 461 P3d 1043, *rev den*, 366 Or 826 (2020). The admission of prior testimony is a firmly rooted hearsay exception codified in OEC 804(3)(a). *State v. Montgomery*, 88 Or App 163, 165, 744 P2d 592, *rev den*, 304 Or 548 (1987). As such, prior testimony is deemed reliable under *Ohio v. Roberts*, 448 US 56, 65-66,

100 S Ct 2531, 65 L Ed 2d 597 (1980). *See State v. Starr*, 269 Or App 97, 102-03, 344 P3d 100, *rev den*, 357 Or 415 (2015) (explaining that a statement that falls within a "firmly rooted hearsay exception" is deemed reliable). Petitioner's only argument against the application of OEC 804(3)(a) rests on speculation. According to petitioner, because the statute of limitations had not run on any charges that the witness could have faced at the time of the first trial, but had run by the second trial, she could have had a different motive for testifying at that second trial. But the mere possibility that the witness may have had a motive to testify differently in a second trial does not demonstrate that the witness's testimony, under oath, in the first trial is unreliable for purposes of *Ohio*.[1] With the evidence that it had, the post-conviction court did not err in rejecting petitioner's claim of inadequate and ineffective assistance of counsel.

Affirmed.

---

[1] Petitioner argues that the post-conviction court failed to apply the *Ohio* analysis, which the Oregon Supreme Court has held applies under Article I, section 11. Assuming that is true, the record is sufficiently developed to permit us to analyze petitioner's claim by reference to that standard.